See also 159 F.Supp. 440; 173 F. Supp. 702.

In the Matter of **THIRD AVENUE TRANSIT CORPORATION, Surface Transportation Corporation of New York, Westchester Street Transportation Company, Inc., the Westchester Electric Railroad Company, Warontas Press, Inc., Debtors.**

United States District Court
S. D. New York.
May 2, 1963.

Saxe, Bacon & O'Shea, New York City, for trustee, John A. Kiser, William J. O'Shea, Jr., New York City, of counsel.

John F. O'Donnell, New York City, for Transport Workers Union, Local 100, and Transport Workers Union of America, AFL–CIO, O'Donnell & Schwartz, Walter N. Kaufman, New York City, of counsel.

James M. O'Neill, pensioner and attorney, New York City, for Addison B. Scoville, Addison B. Scoville, New York City, of counsel.

Stuart Riedel, New York City, for Surface Transit, Inc.

Richard H. Bandler, New York City, for the Securities and Exchange Commission.

DIMOCK, District Judge.

The Trustee in this proceeding under Chapter X of the Bankruptcy Act petitions for an order directing rejection of a pension plan adopted by the debtors on August 27, 1946 and directing that the claims, if any, arising as a consequence of such rejection be fixed. The rejection sought would leave the pension plan standing with respect to the debtors The Westchester Electric Railroad Company and Westchester Street Transportation Company, Inc.

Pursuant to a Joint Plan of Reorganization, confirmed by the court on October 8, 1956, the debtor Surface Transportation Corporation of New York has been merged into the debtor Third Avenue Transit Corporation (renamed Surface Transit, Inc.) and the debtor Westchester Street Transportation Company, Inc. has been merged into the debtor The Westchester Electric Railroad Company,

and Surface Transit, Inc. is the holder of all of the stock of the debtor Warontas Press, Inc.

The Trustee has transferred the properties and assets back to Surface Transit, Inc., pursuant to an order dated December 17, 1956, but there has been no final decree discharging the Trustee.

This court, by its order dated October 8, 1956 confirming the Joint Plan of Reorganization, specifically reserved jurisdiction to make the order sought by this petition. That order contained the following provision:

"7. The Court reserves full right and jurisdiction, including but not by way of limitation:

\* \* \* \* \* \*

"(f) to reject, assume or assume as may be modified, upon application by the Trustee, the Pension Plan adopted by the Debtors on August 27, 1946, and to hear and determine claims arising as a consequence of such rejection, if any;"

A similar provision was contained in Article V of the Joint Plan of Reorganization.

The petition is opposed by Transport Workers Union, Local 100, and Transport Workers Union of America Affiliated with the American Federation of Labor —Congress of Industrial Organizations, by Addison B. Scoville, one of the pensioners who would be affected and by the Securities and Exchange Commission the advice of which was sought by the court. The principal ground of the opposition is that the reservation is ineffective to authorize the relief sought.

Payments under the pension plan by the Trustee were authorized by this court from time to time during the administration of the estate, and, by an order dated January 7, 1957, the reorganized companies were authorized to continue such payments until the expiration of the period for appeal from the order confirming the Joint Plan of Reorganization. All of the orders contained reservations of the right to reject the pension plan. The date of expiration of the period for appeal was fixed as April 10, 1957 by order of this court. The Trustee does not, by the present application, seek permission to disaffirm the pension plan with respect to persons becoming eligible for pensions after April 10, 1957. Pensions have been and are being paid to all persons who became eligible prior to April 10, 1957. These payments have been made by the reorganized companies.

The operating company in the City of New York has been Surface Transit, Inc. Its stock is owned by Fifth Avenue Coach Lines, Inc. as a result of the reorganization proceedings. The property and assets of Surface Transit, Inc. have been seized in condemnation proceedings instituted by the City of New York so that that corporation is no longer engaged in the business of transporting passengers.

The following cases are cited in opposition to the petition: Bakers Share Corp. v. London Terrace, 2 Cir., 130 F.2d 157; Clinton Trust Co. v. John H. Elliott Leather Co., 2 Cir., 132 F.2d 299; In re Flatbush Ave.—Nevins St. Corporation, 2 Cir., 133 F.2d 760; North American Car Corp. v. Peerless Weighing & Vending Mach. Corp., 2 Cir., 143 F.2d 938; Towers Hotel Corporation v. Lafayette Nat. Bank, etc., 2 Cir., 148 F.2d 145; Reese v. Beacon Hotel Corporation, 2 Cir., 149 F.2d 610, and Town of Agawam v. Connors, 1 Cir., 159 F.2d 360.

The principle of these cases was succinctly stated by Circuit Judge Augustus N. Hand in Towers Hotel Corporation v. Lafayette Nat. Bank, etc., 2 Cir., 148 F.2d 145, at page 148, as follows:

"[I]n confirming a plan of reorganization the court may only retain jurisdiction in order to protect its decree, to prevent interference with the execution of the plan and to aid otherwise in its operation, and may not, through the device of retaining jurisdiction, keep a debtor in tutelage and burden the court with future supervision of the reorganized estate."

None of the cases has gone as far as the parties opposing the petition ask me to go in this case in invalidating a reservation by the court of the right to disaffirm a contract. Here there is, in substance, an uncompleted reorganization. No disposition of the rights of the pensioners has been made. They remain unsecured creditors of the reorganized debtors. On the face of the record the Trustee may announce a decision to reject the pension contract or, in other words, commit an anticipatory breach of it and treat the pensioners' claims for damages like any other unsecured claims. This would mean payment to the pensioners of the debtor Third Avenue Transit Corporation at the rate of 5¢ on the dollar of their damages and to the pensioners of Surface Transportation Corporation of New York at the rate of 2¢ on the dollar of their damages.

The occasion that has arisen has undoubtedly rendered use of the reserved power very desirable from the standpoint of the reorganized companies. As long as the reorganized companies were operating, the good will of their employees and the unions was important. When the business of transporting passengers was taken away from a reorganized company, however, this consideration in favor of the continuance of the pensions was no longer effective, so that the self-interest of the reorganized company was all the other way. This is strikingly illustrated by the fact that the currently operating The Westchester Electric Railroad Company and the debtor Westchester Street Transportation Company, Inc., which has been merged into it, would be eliminated from the disaffirmance of the pension plan in the relief sought by the Trustee.

Even though what the petition seeks is a mere completion of an uncompleted reorganization, I have come to the conclusion that the law does not sanction the use of reserved power in a situation such as is here presented. The attempted use of the retention of jurisdiction does not tend to protect the court's decree, prevent interference with the execution of the plan or aid otherwise in its operation. To hold that, after six years' of activity by the reorganized companies as ordinary private corporations, the Trustee could assist them to take advantage of the opportunity created by their retirement from the transportation business would be indeed to hold that the court had been able "through the device of retaining jurisdiction" to "keep the debtor in tutelage".

Those opposing the petition raise a further question by the allegations that the Trustee is now the owner of shares in Fifth Avenue Coach Lines, Inc., the parent corporation of the reorganized companies, that the Trustee's counsel are now counsel for that corporation and that members of the firm are now substantial stockholders therein. In the light of the conclusion expressed above, it is unnecessary to resolve this issue at this time.

The petition is denied. So ordered.