Virginia C. HARLAN, Plaintiff,

v.

PENNSYLVANIA RAILROAD COM-
PANY, a Pennsylvania
corporation,
and
Samuel Jackson's Sons, Inc., a Delaware
corporation, Defendants.

Civ. A. No. 17958.

United States District Court
W. D. Pennsylvania.

Jan. 20, 1960.

James W. Daub, Pittsburgh, Pa., for plaintiff.

Kirkpatrick, Pomeroy, Lockhart & Johnson, Pittsburgh, Pa., for Pennsylvania R. Co.

Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for Samuel Jackson's Sons, Inc.

GOURLEY, Chief Judge.

This matter comes before the court on plaintiff's petition to convene a three-judge statutory court in order to question the constitutionality of an Act of Congress of July 25, 1958, Section 2, Clause (c), 28 U.S.C.A. § 1332, wherein Congress in defining citizenship to confer jurisdiction in the United States District Courts in diversity actions provided that "a corporation shall be deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business."

Prior to said enactment the courts have construed the citizenship of a corporation to be the situs of its legal incorporation.

The petition has been presented in connection with the instant action for the reason that the court is confronted with the motion of Samuel Jackson's Sons, Inc., one of the defendants, (hereafter identified as Jackson) to dismiss the complaint as it relates to Jackson since it is not in dispute that plaintiff is a Pennsylvania resident and Jackson's principal place of business is Pennsylvania. It is further not in dispute that based on legal construction prior to the congressional enactment, diversity of citizenship would exist and jurisdiction would be properly grounded in this court.

For two alternative and buttressing reasons, I am required to refuse plaintiff's prayer for a statutory court and grant Jackson's motion to dismiss.

First: Upon a detailed review of the statute under which a statutory court is authorized, I am satisfied that a three-judge court is not required where only the construction of a federal statute is involved and no injunction against its enforcement is sought. 28 U.S.C.A. §§ 2281–2284.

Second: A substantial constitutional question must be presented before a three-judge federal court will be convened, and when it is clear that claim of unconstitutionality is entirely without merit, it is within power of a single federal judge to dismiss the application. Klein v. Lee, 7 Cir., 254 F.2d 188.

The Supreme Court of the United States is created by the Constitution of the United States, Article III, Section I, Constitution of the United States.

The Constitution of the United States vests in Congress the power to create inferior courts which includes the United States District Courts, Article III, Section I, Constitution of the United States. It would follow, therefore, as a necessary corollary that since Congress has been empowered to create United States District Courts, Congress can eliminate them. The power to create is the power to destroy. The conclusion must inevitably follow that since Congress can eliminate the United States District Courts, it can limit and define their jurisdiction.

Petition refused.

An appropriate order is entered.