**CITIES SERVICE OIL CO., Plaintiff,**

v.

**Robert E. McLAUGHLIN, Commissioner, District of Columbia, et al., Defendants.**

**Civ. A. No. 1475–57.**

United States District Court
District of Columbia.

Sept. 29, 1960.

Kahl K. Spriggs, Washington, D. C for plaintiff.

John A. Earnest, Washington, D. C., for defendants.

HOLTZOFF, District Judge.

This is an action brought by Cities Service Oil Company, a foreign corporation, which, among other things, ships and sells motor fuel into the District of

Columbia, for a mandatory injunction against the Commissioners of the District of Columbia, to require them to issue to the plaintiff a District of Columbia new motor fuel import license for the year commencing July 1, 1957. The right to such a license is governed by statute. The District of Columbia Code, Title 47, Section 1903. This statute provides in effect that no person shall bring into the District of Columbia or produce or refine or compound in the District, any motor vehicle fuel to be used by him, or to be sold and delivered in the District of Columbia, and no person shall engage in the business of importer of motor vehicle fuels in the District of Columbia, unless he holds a license by the Commissioners authorizing him to do so. In other words, the business of bringing motor vehicle fuel into the District of Columbia, as well as the production of such fuel in the District of Columbia, is placed under a license system.

The statute further provides that the application for such a license shall contain certain items. One of the items is that if the applicant is a foreign corporation it shall contain "the name of its resident general agent". In an attempted compliance with the requirements of this statute, the applicant, that is the plaintiff in this case, answers the question as follows:

"Question 12: If foreign corporation, name and address of resident general agent in the District of Columbia.

"Answer: None. Limited Agent, United States Corporation Company. 1111 National Press Building Washington, D. C."

The Commissioners declined to grant a license on the basis of this application on the ground that it failed to give the name and address of a resident general agent. It is argued by counsel for the plaintiff that the statutory provision which requires a foreign corporation in its application to state the name of its resident general agent should be construed as though it read "the name of its resident general agent, if any." The Corporation Counsel urges that this provision should be interpreted as requiring the appointment or designation of a resident general agent, as a prerequisite to receiving the necessary license.

It is true that perhaps the statute might be somewhat clearer and is perhaps somewhat inartistically drawn. Every statute, however, must receive a sensible and a reasonable construction. It seems clear to the Court that what Congress must have intended by this provision is that in order to transact business in this District, involving the importation into the District of motor vehicle fuel and the like, a foreign corporation must designate a resident general agent here and in the application give the name of that resident general agent. No particular object would be served by stating that if the foreign corporation has such an agent, the foreign corporation must give his name.

In view of these considerations, the Court construes the statute as meaning that as a prerequisite to engaging in the business defined in the statute in the District of Columbia, a foreign corporation must first designate a resident general agent and in its application must state the name of that agent. Obviously, so construed there has been no compliance with the statutory requirement because the question requiring the name and address of the resident general agent was in this instance answered "None", and then the name of an agent was given who is expressly designated as a limited agent. Manifestly, this does not comply with the statute as construed by this Court.

It is urged that if so construed the statute is unconstitutional. There has been no request for the convening of a three-judge statutory court and a court consisting of a single judge is not empowered to grant an injunction based on an alleged unconstitutionality of the statute. Counsel has, however, requested orally that a declaratory judgment be rendered on the constitutional question.

An action for a declaratory judgment does not require the convening of a three-judge statutory court even if a constitutional question is involved. This was held by the Supreme Court at the last term.

 The only objection advanced by counsel to the constitutionality of the statute is that the requirement is arbitrary, unreasonable, and unnecessary. The Court is of the opinion that these adjectives do not constitute a basis on which to predicate a declaration that the statute is unconstitutional. No specific constitutional provision which it is claimed has been transgressed, is named by counsel. Moreover, the Court can clearly see the connection between the requirement here involved and the granting of the license applied for. The matter is entirely within the legislative discretion.

In the light of all these considerations, the Court will deny plaintiff's motion and grant the defendant's motion for summary judgment.