Willett WILSON, Plaintiff,

v.

CITY OF PORT LAVACA, TEXAS, and K. A. Wallace and His Successors in his Capacity as Mayor of Said City, Defendants.

Civ. A. No. 67–V–7.

United States District Court
S. D. Texas,
Victoria Division.

Jan. 23, 1968.

---

Willett Wilson, Houston, Tex., for plaintiff.

Cullen, Mallette, Maddin, Edward & Williams, H. F. Maddin, Victoria, Tex., for defendants.

Before BROWN, Circuit Judge, and CONNALLY and SINGLETON, District Judges.

CONNALLY, District Judge.

Plaintiff seeks injunctive and declaratory relief from this three-judge court. He is the owner of real property in the City of Port Lavaca, Texas, and has been in controversy with the City over his ad valorem taxes. As that dispute is vitally related to the issues presented here, at least some of the history thereof must be examined.

Plaintiff instituted suit in the District Court of Calhoun County, Texas, attacking his assessment and making the contention so often pressed in Texas that personal property generally is not assessed. He sought to make proof that the provisions of the Texas Constitution and statutes which provide for equal taxation had been violated by reason of the omission from the tax rolls of deposits in the various banks and savings and loan associations in the city. See, Art. VIII, Sec. 1, Constitution of Texas Vernon's St.; Vernon's Ann.Tex.Rev. Civ.Stat., art. 7145 (1925). The argument is, of course, that inclusion of these deposits on the tax rolls would have

substantially reduced the taxes imposed on his real estate.

To make his proof, plaintiff sought to take the deposition of certain banking officials to secure a list of the depositors and the amount of each deposit. He was not permitted to pursue this course, however, by reason of the terms of Article 342–709 of the Texas Revised Civil Statutes, which provide:

"  *  *  *  neither shall any bank be required to disclose the amount deposited by any depositor to third parties except where (i) the depositor or owner of such deposit is a proper or necessary party to a proceeding in a court of competent jurisdiction in which event the records pertaining to the deposit of such depositor or owner shall be subject to disclosure or (ii) the bank itself is a proper or necessary party to a proceeding in a court of competent jurisdiction  *  *  *."

Having lost his case in the trial court, an appeal was taken to the Court of Civil Appeals where he was also unsuccessful. Wilson v. City of Port Lavaca, 407 S.W.2d 325 (Tex.Civ.App.1966). The Texas Supreme Court denied writ of error; and no application for certiorari was made to the United States Supreme Court.

The plaintiff here seeks a declaratory judgment that Article 342–709 is unconstitutional as violative of the Fourteenth Amendment, and asks that the City be enjoined from invoking the provisions thereof. An injunction is also sought to restrain the City from enforcing its tax lien upon plaintiff's property "until a determination may be had on the merits of this cause." The complaint alleges, at least formally, federal question jurisdiction under Title 28 U.S.C. § 1331.

To invoke the provisions of Section 2281 of Title 28 U.S.C., requiring certain cases to be heard by a three-judge court, it must appear that the action is (1) for an injunction, (2) to restrain the enforcement, operation or execution of a state statute, (3) by restraining the action of an officer of the state in the enforcement or execution of such statute, (4) on the ground that the statute is unconstitutional. The injunctive relief which the plaintiff seeks is to restrain the defendant City and its Mayor from invoking the provisions of Article 342–709. However, neither of these parties enforces or executes such statute. Indeed. there is no party defendant who does. Clearly, plaintiff's claim is without the scope of the three-judge act.

The trouble with plaintiff's other request for injunctive relief—that the City be restrained from enforcing its tax lien —is that no attack is made upon the constitutionality of the state statute authorizing the enforcement of the liens. The only statute attacked, Article 342–709, relates solely to evidentiary matters and has nothing to do with the collection of ad valorem taxes. The claim is not, therefore, one which must be heard by a three-judge court.

Furthermore, whether this be a case for a three-judge court or not, the equitable relief which plaintiff seeks is not available to him. He has an adequate remedy at law in state court to prevent the collection of taxes not properly assessed; and if Article 342–709 proves to be an obstacle in the assertion of that remedy, its constitutionality can there be attacked without the necessity of an injunction.[1] City of Houston v. Standard-Triumph Motor Co., 347 F.2d 194 (5th

---

1. While this general equitable principle is conclusive of plaintiff's right to injunctive relief, it would seem that Section 1341 of Title 28 U.S.C. provides an additional basis for withholding relief, at least with respect to the action to restrain the enforcement of the tax liens. "The district court shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

Cir. 1965). The fact that plaintiff chose not to raise the constitutional issue in his prior state court litigation improves his claim in equity not at all.[2]

 Plaintiff's final claim is for a declaratory judgment. Certainly, there is nothing which would require a three-judge court to hear such a claim. Title 28 U.S.C. § 2281. Moreover, there are other considerations which would militate against entertaining the claim at all; and in this the Court is vested with considerable discretion. Zemel v. Rusk, 381 U.S. 1, 85 S.Ct. 1271, 14 L.Ed.2d 179 (1965); Public Service Commission of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952); Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed.1620 (1942). In exercising its discretion, the Court is permitted to consider the probable effect the granting of relief would have in settling the controversy between the parties. Samuel Goldwyn, Inc. v. United Artists Corp., 113 F.2d 703 (3rd Cir. 1940); Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321 (4th Cir. 1937).

 If the statute here under attack is declared unconstitutional, as plaintiff would have it, he still would not be assured of success in his dispute with the taxing authorities. Article 342–709 does no more than deny him one means of making certain proof; and if by our action that means is made available to him, he will have overcome only one of many "difficulties to be encountered in making the necessary proof * * * for relief." Wilson v. City of Port Lavaca, 407 S.W.2d 325, 330. To grant declaratory relief in these circumstances would be highly inappropriate.

Therefore, it is ordered, adjudged and decreed that the action be, and the same is hereby dismissed. Judge Connally, in whose Court the case was originally filed,

adopts the action of this Court as his own.

This is a final judgment.

The clerk is directed to file this Memorandum and Order and to furnish copies hereof to counsel of record.

---

2. It is interesting to note that plaintiff alleges the specific dollar amount of $3,354.56 as excess taxes paid for the two years of 1963 and 1964, "which is the amount of irreparable injury which plaintiff will sustain." Hence, by his own allegation, the "irreparable injury" may be reduced to a dollar and cents figure.