Virgia Mae SMITH et al., Plaintiffs,

v.

Thomas A. PEARSON et al., Defendants.

No. DC 6533–S.

United States District Court
N. D. Mississippi,
Delta Division.

Dec. 30, 1968.

**612**

Martha M. Wood, Jackson, Miss., for plaintiffs.

George Fleming, Holcomb, Curtis & Connell, Clarksdale, Miss., Will Wells, Asst. Atty. Gen., Jackson, Miss., for defendants.

## OPINION

ORMA R. SMITH, District Judge.

The complaint in this case was filed on July 31, 1965 seeking a temporary restraining order and preliminary and permanent injunctions against the named defendants to prevent the enforcement of the Mississippi statute making it a crime to have a second illegitimate child.[1] This is a class action with jurisdiction claimed under the provisions of 28 U.S. C. Section 1343(3) & (4) and 42 U.S.C. Section 1983. The plaintiffs maintain that this statute violates the Eighth and Fourteenth Amendments.

The complaint alleges that the named plaintiffs received identical letters from

the then prosecuting attorney for Coahoma County, Mississippi, Thomas H. Pearson, which read as follows:

Information has been received by this office indicating that you have given birth to an illegitimate child. I would like for you to come to my office so that we can discuss this matter.

One of the named plaintiffs received an additional letter which read:

Please make arrangements for the care of your children so that you can report for trial on the charge of having an illegitimate child on Monday, August 2, 1965. I will recommend to the Court that you be sentenced to serve thirty days in the County Jail, but the Court has the power to sentence you up to 90 days in jail or a $250.00 fine.

I will expect to see you in my office on that morning.

Yours truly,

s/ Thomas H. Pearson

This Court was notified on August 18, 1965, by letter from the plaintiffs' attorney that the County Prosecuting Attorney had agreed not to proceed with prosecutions under this statute until he received an opinion from the State Attorney General on the constitutionality of the statute. For this reason, the plaintiffs withdrew their motion for a restraining order. Motions to dismiss were filed on August 20, 1965, on behalf

1. Miss.Code Ann., Section 2018.6 (1964) provides:

"1. If any person, who shall have previously become the natural parent of an illegitimate child within or without this State by coition within or without this State, shall again become the natural parent of an illegitimate child born within this State, he or she shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished by imprisonment in the county jail for not less than thirty (30) days nor more than ninety (90) days or by a fine of not more than Two Hundred Fifty Dollars ($250.00), or both. A subsequent conviction hereunder shall be punishable by imprisonment in the county jail for not less than three (3) months nor more than six (6) months or by a fine of not more than Five Hundred Dollars ($500.00), or both. Provided, how-

ever, that for the purpose of this act, multiple births shall be construed to be the birth of one (1) child.

2. The circuit court of the county in which said illegitimate child is born shall have jurisdiction of any action brought under this section. No male person shall be convicted solely on the uncorroborated testimony of the female person giving birth to the child.

3. On or before the tenth day of each month, the Mississippi State Health Department shall notify in writing the district attorney of each district in Mississippi and the county attorney of all counties having county attorneys of the name and address of each person shown as a parent on the birth certificate of any illegitimate child filed with said department during the preceding month."

of the state of Mississippi and the County Prosecuting Attorney. No further activity occurred in this case until July 8, 1968 when the plaintiffs filed a motion to substitute parties and to amend their complaint. This motion was granted on July 15, 1968, by Judge William C. Keady. This case was assigned to this Court under the provisions of a joint order providing for the assignment of all pending cases in this District. In response to the amended complaint, the defendants filed a Motion to Dismiss on September 4, 1968, stating that this amended complaint did not allege that any member of the class represented by the plaintiffs was being threatened with prosecution under this statute. Plaintiffs' amended complaint seeks to accomplish the following: (1) substitution of the current office holders for those named officials in the complaint; and (2) alteration of the nature of the suit. Substitution is sought because there has been a state-wide election since this case was filed, resulting in some turnover in public officials named in the suit. No reason is given for seeking a change in relief. The original complaint sought declaratory and injunctive relief; the amended complaint seeks only declaratory relief under 28 U.S.C. Section 2201. Under the original complaint there is no doubt that a three-judge court would be required by 28 U.S.C. Section 2281. By the amended complaint the plaintiffs have attempted to circumvent the requirements of a three-judge court. Three important issues have been framed by the pleadings. They are as follows: (1) whether this is a proper case for abstention; (2) whether Rule 25, F.R. Civ.P., allows for automatic substitution of public officials in a case of this nature; and (3) whether by amendment the plaintiffs can escape the statutory scheme established by Congress to deal with constitutional attacks on state statutes. It will not be necessary to reach the first two issues at this time since they can best be handled at a later date.

The Three-Judge Court Act was passed by Congress in response to the public outcry that resulted when a single judge district court struck down state or federal legislation on the grounds that it was unconstitutional. One of the evils sought to be prevented by the Three-Judge Court Act was the long delay caused by the normal appellate procedure. Therefore, direct appeal was provided in those instances where a three-judge court was convened. It was thought by Congress that with the creation of this special court, with a provision for immediate review by the Supreme Court, there would be an end to cases where a single judge could override the intentions of the legislative branch.[2] Suffice it to say that Congress did not intend for this statutory scheme to be easily circumvented.

Generally speaking, under 28 U.S.C. Section 2281, the requirements that must be met before a three-judge court should be convened are as follows:

1) The complaint must seek an interlocutory or permanent injunction against enforcement of a state statute or administrative order.

2) The action must be against an "officer of such state;" that is, an officer who is enforcing state laws of state-wide application.

3) The action must be an attack on the unconstitutionality of such statute based on a conflict between it and the Federal Constitution.[3]

2. For a more complete review of the history, background and purpose of this statutory scheme, see 1 Barron & Holtzoff, Federal Practice and Procedure, Section 52 (Wright Ed. 1960); Florida Lime and Avocado Growers, Inc. v. Jacobsen, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed.2d 568 (1960); Swift & Co., Inc. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965); and Kennedy v. Mendoza-Martinez, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed. 2d 644 (1963).

3. For an excellent review of the requirements see 1 Barron & Holtzoff, Federal Practice and Procedure, Section 52 (Wright Ed. 1960); Annotation, 4 L.Ed. 2d 1931; and Annotation 15 L.Ed.2d 904.

The sole issue now before this Court is whether a three-judge court must be convened in this case. While this issue has been skirted in many cases, this Court has been unable to find direct authority on point. When faced with similar problems the district courts have not been uniform. See e. g., Arrow Lakes Dairy, Inc. v. Gill, 200 F.Supp. 729 (D. Conn.1961) and United States ex rel. Watkins v. Pennsylvania, 214 F.Supp. 913 (W.D.Pa.1963). In *Arrow Lakes Dairy*, the Court said:

> This suit seeks nothing other than a declaration of the unconstitutionality of a specific Connecticut statute.
>
> That the relief sought does not bring this case unmistakably within the statutory requirement for a three-judge court only because an injunction is not prayed for now does not deter me from holding that where a judicial declaration is sought that a state statute is unconstitutional such relief is beyond the permissible limits of the judicial discretion which a district court is required to heed in actions brought under the federal Declaratory Judgment Act. 200 F.Supp. at 737.

■ In this case, the District Court dismissed the action on the ground that it was not properly brought under either the Declaratory Judgment Act or the Three-Judge Court Act. While this Court does not agree with the final relief, it does agree with the conclusion that an action which seeks as its sole aim the declaration that a state statute is unconstitutional is beyond the scope of the discretionary power granted by the Declaratory Judgment Act. That relief available under the Declaratory Judgment Act is discretionary is beyond question. See, e. g., Public Service Commission of Utah v. Wycoff, 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952).

■ The fact that the precise issue in this case has been skirted rather than ruled on may be significant. The federal Declaratory Judgment Act may in fact grant authority for a single district court judge to rule on the constitutionality of state statutes. Further its companion, 28 U.S.C. Section 2202, may then allow the same court to enforce its declaratory judgment with an injunction to prevent an unconstitutional statute from being enforced. But, as stated above, the power to act under 28 U.S.C. Section 2201 is discretionary and this Court declines jurisdiction under this Act in favor of a three-judge court scheme that was created to handle suits of this nature.

■ In Florida Lime & Avocado Growers, Inc. v. Jacobsen, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed.2d 568 (1960), the issue was whether a three-judge court was required where there was a two-pronged attack on the statute: (1) an attack that the state statute conflicted with a federal statute; and (2) that the state statute was unconstitutional. In this case an injunction was sought to prevent the enforcement of the statute. The Supreme Court held that in this situation a three-judge court was required. The Court stated that to allow any other result would defeat the purpose of 28 U.S.C. Section 2281. Such is the case here. To allow a statute to be directly attacked under the Declaratory Judgment Act without the convening of a statutory three-judge court would defeat the purpose of Section 2281. Further cases which touch on, but do not resolve this issue, are as follows: Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965); Kenny v. Mindoza-Martinez, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963) ("Whether an action solely for declaratory relief would under all circumstances be inappropriate for consideration by a three-judge court we need not now decide, for it is clear that in the present case the congressional policy underlying the statute was not frustrated by trial before a single judge.") 372 U.S. at 154, 83 S.Ct. at 560, 9 L.Ed.2d at 652–653); Norton v. Campbell, 359 F.2d 608 (10 Cir. 1966); Williams v. Ball, 294 F.2d 94 (2 Cir. 1961); and Benoit v. Gardner, 351 F.2d 846 (1 Cir. 1965).

The substance of what the plaintiffs seek must be examined, not the facade.

The plaintiffs in this action attack directly the constitutionality of Miss. Code Ann., Section 2018.6 (1964) which makes it a crime to have a second illegitimate child. They brought this suit in response to a threat of prosecution. Now that a new county prosecutor is in office who states that he has no intention of prosecuting them under this statute, the plaintiffs want to change the nature of their suit. The truth is that the plaintiffs do not want a declaratory judgment but in fact want *equitable relief* to prevent prosecution under this statute. In their amended complaint, declaratory relief is requested plus "additional relief to which plaintiff (sic) may be entitled." If this Court were to declare by way of 28 U.S.C. Section 2201 that this statute is unconstitutional, what is to prevent a member of the class bringing this suit from coming back into court seeking an injunction if threatened with prosecution under this statute. In this situation, the plaintiffs would have achieved through a single-judge court what was intended to be the exclusive jurisdiction of a three-judge court.

It must be pointed out that this is not a case like Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960), where the constitutionality of a statute came into issue indirectly; this is a case where the sole issue framed by the complaint is the constitutionality of a state statute. To hold that a three-judge court is not required in this case would allow all attacks on state statutes to be framed as requests for declaratory judgments and thus provide a means of escaping the requirements established by Congress. As the Supreme Court pointed out in Flemming v. Nestor, supra, where the constitutionality of a statute is decided in private litigation, the sole effect of such a decision is by way of stare decisis. Here the plaintiffs maintain this action on behalf of themselves and all others similarly situated. Should a court determine that this state statute is in fact unconstitutional as challenged,

then the only effective relief a court could render on behalf of those not named in the suit would be an injunction prohibiting the state from enforcing the statute. Under these circumstances, this Court holds that this is a proper suit for the convening of a three-judge court and will today request the Chief Judge of this Circuit to designate such a court under the provisions of 28 U.S.C. Section 2284. Any other action by this Court would allow attacks on the constitutionality of state statutes by way of the Declaratory Judgment Act.

All remaining issues in this case are reserved for appropriate action by the three-judge court.