**Beth Susan FREMED and John Paul Kirkland, Plaintiffs,**

**v.**

**Stanley F. JOHNSON, Donald Vendel, Marvin D. Nelson and Duke Dunbar, Defendants.**

**Civ. A. No. C–1625.**

United States District Court,
D. Colorado.

April 9, 1970.

John A. Purvis, Boulder, Colo., for plaintiff Beth Susan Fremed.

John H. Bisbee, Boulder, Colo., for plaintiff John Paul Kirkland.

Michael T. Haley, Asst. Atty. Gen., Denver, Colo. (Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Eugene C. Cavaliere, Asst. Atty. Gen., Denver, Colo., and Marvin B. Woolf, Asst. Dist. Atty., Boulder, Colo., on the brief), for defendants Stanley F. Johnson, Marvin D. Nelson and Duke Dunbar.

Before HILL, Circuit Judge, and KERR and DOYLE, District Judges.

HILL, Circuit Judge.

The genesis of the controversy presented to this statutory three-judge court is in two Colorado state court suits charging Fremed and Kirkland with viloating the Colorado flag desecration statute.[1] Fremed has been tried by a jury and convicted and currently has an appeal pending before the Colorado Supreme Court. Kirkland's trial was set for September 15, 1969, but he failed to appear and his whereabouts are now unknown. In August, 1969, after Fremed was convicted, both state court defendants,[2] through their attorneys, instituted this suit in the federal courts, seeking a declaration that the statute under which they were charged is unconstitutional. Pursuant to plaintiffs' request, a three-judge court was convened and has heard arguments of counsel.

The complaint alleges multiple jurisdictional grounds, e. g., 28 U.S.C.A. § 1343(3); 28 U.S.C.A. §§ 2201, 2202; Rule 57, F.R.Civ.P., 28 U.S.C.A.; and the First, Fifth and Fourteenth Amendments of the United States Constitution. That statement is jurisdictionally ade-

---

1. C.R.S. (1963) 40-23-3 as repealed and reenacted in 1969.

2. Hereinafter Fremed and Kirkland will be referred to as plaintiffs.

quate to permit a single-judge district court to reach the merits.[3] This does not, however, settle the critical issue which confronts this court; that is, are the allegations and request for relief found in the complaint ample to sustain the jurisdiction of a statutory three-judge court? In plaintiffs' motion for certification of the case to a three-judge court, injunctive relief is not requested but it is alleged that the practical effect of granting the declaratory relief would be tantamount to enjoining enforcement of the questioned statute. For the moment it is settled that a statutory three-judge court must be convened in four instances: (1) to hear actions for injunctions against the enforcement of state statutes by state officers or of orders of administrative bodies acting under state statutes, on the ground of unconstitutionality; (2) to hear actions for injunctions against the enforcement of Acts of Congress on the ground of repugnance to the Constitution; (3) to hear actions for injunctions against the enforcement of Interstate Commerce Commission orders or certain other administrative orders; and (4) certain actions brought by the United States under the anti-trust laws in which the Attorney General files a certificate that in his opinion the case is of general public importance.[4] The statutes are to be strictly construed[5] and by their text provide for convening a three-judge court only where injunctive relief is sought.

With the exception of a single isolated case,[6] the United States courts are in complete harmony in holding that absent a request for an injunction, the statutes do not compel convocation of a three-judge court.[7] Although the Supreme Court seems to suggest in Kennedy v. Mendoza-Martinez, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963) that a declaratory judgment suit without any request for injunctive relief may under special circumstances be adequate to require a three-judge court, we do not deem this controversy to be of a unique species. When observing the essence of the three-judge court rationale, we are unable to perceive a difference of substance between this case which asks solely for declaratory relief and one in which a declaration regarding the constitutionality of a statute is incidentally drawn in question without a prayer for injunction. A three-judge court is not necessary in the latter type of case[8] and

---

3. See Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967).

4. E. g. Wilson v. City of Port Lavaca, Texas, 285 F.Supp. 85 (S.D.Tex.1968); Hinton v. Threet, 280 F.Supp. 831 (M.D. Tenn.1968); Bartlett & Co., Grain v. State Corp. Com'n of Kansas, 223 F. Supp. 975 (D.Kan.1963); 1 Barron & Holtzoff, Federal Practice and Procedure (Wright ed. 1960) § 52 at 277–79.

5. Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965); Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941).

6. Smith v. Pearson, 294 F.Supp. 611 (N. D.Miss.1968).

7. See Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); Gomez v. Layton, 129 U.S.App.D.C. 289, 394 F.2d 764, n. 4 (1968); McManigal v. Simon, 382 F.2d 408 (7th Cir. 1967); Norton v. Campbell, 359 F.2d 608 (10th Cir. 1966); Ream v. Handley, 359 F.2d 728 (7th Cir. 1966); Hall v. Welch,

185 F.2d 525 (4th Cir. 1950); Ince v. Rockefeller, 290 F.Supp. 878 (S.D.N.Y. 1968); Wilson v. City of Port Lavaca, Tex., 285 F.Supp. 85 (S.D.Tex.1968); Hinton v. Threet, 280 F.Supp. 831 (M. D.Tenn.1968); Whitney Stores, Inc. v. Summerford, 280 F.Supp. 406 (D.S.C. 1968); Brotherhood of Locomotive Firemen and Enginemen v. Chicago, B. & Q. Rd. Co., 225 F.Supp. 11 (D.D.C.1964); Coyle v. Pope & Talbot, Inc., 207 F. Supp. 685 (E.D.Pa.1962); United States ex rel. Watkins v. Commonwealth of Pennsylvania, 214 F.Supp. 913 (W.D.Pa. 1963); Arrow Lakes Dairy, Inc. v. Gill, 200 F.Supp. 729 (D.Conn.1961); Cities Service Oil Co. v. McLaughlin, 189 F. Supp. 227 (D.D.C.1960); Harlan v. Pennsylvania Rd. Co., 180 F.Supp. 725 (W.D.Pa.1960).

8. Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960); Public Service Commission of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952); International

neither is it under the circumstances of the instant suit. By enacting the three-judge court statutes, Congress was seeking to insulate the operation of a statutory scheme from total paralysis by a single federal judge's improvident issuance of a broad injunctive order. That protection offered by the three-judge court is not essential in the case at bar since trial to a single district judge will not result in the interdiction of the operation at large of the statutory scheme, nor will the state be otherwise precluded from continuing to apply the statute during the judicial determination of its constitutionality.

■ Having failed to seek an "interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute * * * " [9] the plaintiffs' allegations are jurisdictionally deficient to require a three-judge court decision on the merits. This court should be dissolved and the case heard and determined by a single judge of the court.

DOYLE, District Judge (dissenting).

I respectfully dissent, not on the basis that the majority opinion is lacking in legal soundness. On the contrary, it conforms to the law. In my judgment, however, it would be preferable, since the court has heard the case on the merits, for the three judges to finally determine it with a proviso that the single judge to whom it is assigned, the undersigned, agrees with the disposition made. This would allow the plaintiffs to appeal this both as a three-judge matter and as a single judge matter, and avoid the complicated procedural traps which can result from a subsequent decision that it is properly a three-judge case.

Why is it arguable that a three-judge court should be convened in this case? Involved herein is a state criminal statute with respect to which First-Four-teenth Amendment contentions are advanced. If this statute were *declared* by one or three judges to be unconstitutional, the effect would be identically the same as the issuance of an injunction, and in the area of state criminal statutes involving personal rights the policy against a single judge frustrating enforcement of such a statute by state authorities is strong.

*Secondly,* the handling of the case on the basis suggested above would avoid further proceedings which pose a threat that it will return to haunt us. The plaintiffs are free to apply to this court for leave to amend their complaint so as to request injunctive relief. If and when this happens, the undersigned will be obligated to grant the motion and then again request the convening of a three-judge court. Without doubt the same court will be convened, and so we will again face the merits of the case and on this occasion will be compelled to determine them. Conceivably, of course, the case is now moot. If so, the apprehensions expressed above will not materialize.

It is with regret that I disagree with my learned colleagues.

---

Ladies' Garment Workers' Union v. Donnelly Garment Co., 304 U.S. 243, 58 S. Ct. 875, 82 L.Ed. 1316 (1938); Harlan v. Pennsylvania Rd. Co., 180 F.Supp. 725 (W.D.Pa.1960).

