# INTERNATIONAL LADIES' GARMENT WORKERS' UNION ET AL. v. DONNELLY GARMENT CO. ET AL.

No. 801. Argued April 27, 1938.—Decided May 16, 1938.

Mr. *Frank P. Walsh,* with whom *Messrs. Jerome Walsh* and *Roy W. Rucker* were on the brief, for appellants.

*Messrs. James A. Reed, Robert J. Ingraham,* and *William S. Hogset* were on a brief for appellees Donnelly Garment Co. and Donnelly Garment Sales Co.

*Messrs. Frank E. Tyler* and *Alfred N. Gossett* were on a brief for Donnelly Garment Workers' Union.

PER CURIAM.

This is a direct appeal to this Court from a decree of the District Court, three judges sitting, denying a motion to dismiss the complaint and granting an interlocutory injunction. The question arises whether such an appeal lies.

Appellants rely upon the Act of August 24, 1937, c. 754, 50 Stat. 751. Section 3 of that Act, the full text of which is quoted in the margin,[1] provides that "no interlocutory

---

[1] The first three sections of the Act of August 24, 1937, are as follows:

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That whenever the constitutionality of any Act of Congress affecting the public interest is drawn in question in any court of the United States in any suit or proceeding to which the United States, or any agency thereof, or any officer or employee thereof, as such officer or employee, is not a party; the court having jurisdiction of the suit or proceeding shall

or permanent injunction suspending or restraining the enforcement, operation, or execution of, or setting aside, in whole or in part any Act of Congress upon the ground that such Act or any part thereof is repugnant to the Consti-

certify such fact to the Attorney General. In any such case the court shall permit the United States to intervene and become a party for presentation of evidence (if evidence is otherwise receivable in such suit or proceeding) and argument upon the question of the constitutionality of such Act. In any such suit or proceeding the United States shall, subject to the applicable provisions of law, have all the rights of a party and the liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the constitutionality of such Act.

"Sec. 2. In any suit or proceeding in any court of the United States to which the United States, or any agency thereof, or any officer or employee thereof, as such officer or employee, is a party, or in which the United States has intervened and become a party, and in which the decision is against the constitutionality of any Act of Congress, an appeal may be taken directly to the Supreme Court of the United States by the United States or any other party to such suit or proceeding upon application therefor or notice thereof within thirty days after the entry of a final or interlocutory judgment, decree, or order; and in the event that any such appeal is taken, any appeal or cross-appeal by any party to the suit or proceeding taken previously, or taken within sixty days after notice of an appeal under this section, shall also be or be treated as taken directly to the Supreme Court of the United States. In the event that an appeal is taken under this section, the record shall be made up and the case docketed in the Supreme Court of the United States within sixty days from the time such appeal is allowed, under such rules as may be prescribed by the proper courts. Appeals under this section shall be heard by the Supreme Court of the. United States at the earliest possible time and shall take precedence over all other matters not of a like character. This section shall not be construed to be in derogation of any right of direct appeal to the Supreme Court of the United States under existing provisions of law.

"Sec. 3. No interlocutory or permanent injunction suspending or restraining the enforcement, operation or execution of, or setting aside, in whole or in part, any Act of Congress upon the ground that such Act or any part thereof is repugnant to the Constitution of the United States shall be issued or granted by any district court of

tution of the United States" shall be granted by a district court "unless the application for the same" shall be heard and determined by three judges. When there is an application for such an injunction, three judges are to be con-

the United States, or by any judge thereof, or by any circuit judge acting as district judge, unless the application for the same shall be presented to a circuit or district judge, and shall be heard and determined by three judges, of whom at least one shall be a circuit judge. When any such application is presented to a judge, he shall immediately request the senior circuit judge (or in his absence, the presiding circuit judge) of the circuit in which such district court is located to designate two other judges to participate in hearing and determining such application. It shall be the duty of the senior circuit judge or the presiding circuit judge, as the case may be, to designate immediately two other judges from such circuit for such purpose, and it shall be the duty of the judges so designated to participate in such hearing and determination. Such application shall not be heard or determined before at least five days' notice of the hearing has been given to the Attorney General and to such other persons as may be defendants in the suit: *Provided*, That if of opinion that irreparable loss or damage would result to the petitioner unless a temporary restraining order is granted, the judge to whom the application is made may grant such temporary restraining order at any time before the hearing and determination of the application, but such temporary restraining order shall remain in force only until such hearing and determination upon notice as aforesaid, and such temporary restraining order shall contain a specific finding, based upon evidence submitted to the court making the order and identified by reference thereto, that such irreparable loss or damage would result to the petitioner and specifying the nature of the loss or damage. The said court may, at the time of hearing such application, upon a like finding, continue the temporary stay or suspension, in whole or in part, until decision upon the application. The hearing upon any such application for an interlocutory or permanent injunction shall be given precedence and shall h in every way expedited and be assigned for a hearing at the earliest practicable day. An appeal may be taken directly to the Supreme Court of the United States upon application therefor or notice thereof within thirty days after the entry of the order, decree, or judgment granting or denying, after notice and hearing, an interlocutory or permanent injunction in such case. In the event that an appeal is taken under this section,

vened and the hearing of the application is to be expedited. An appeal may be taken directly to this Court from a decree "granting or denying, after notice and hearing, an interlocutory or permanent injunction in such case."

We are of the opinion that the instant case does not fall within these provisions. This is not a suit to restrain the enforcement of an Act of Congress and no application was made for such an injunction.

This suit was brought on July 5, 1937, by the appellees, Donnelly Garment Company and Donnelly Garment Sales Company, to obtain an injunction restraining the appellants, International Ladies' Garment Workers' Union, its officers and agents, from committing certain acts alleged to be in furtherance of a conspiracy in violation of the Sherman Anti-Trust Act and the Clayton Act (15 U. S. C., c. 1). The conduct sought to be restrained consisted of picketing, boycotting and certain interferences with plaintiffs' business, their employees and customers. Appellee, Donnelly Garment Workers' Union and its representatives were permitted to intervene and sought similar relief. Their petition in intervention alleged that the defendants [appellants] had not been and were not engaged in a labor dispute within the meaning of the Act of Congress of March 23, 1932, c. 90, 47 Stat. 70, known as the Norris-LaGuardia Act, nor within the meaning of the Act of Congress of July 5, 1935, c. 372, 49 Stat. 449, known as the National Labor Relations Act, and that no labor dispute was involved in this litigation. They

the record shall be made up and the case docketed in the Supreme Court of the United States within sixty days from the time such appeal is allowed, under such rules as may be prescribed by the proper courts. Appeals under this section shall be heard by the Supreme Court of the United States at the earliest possible time and shall take precedence over all other matters not of a like character. This section shall not be construed to be in derogation of any right of direct appeal to the Supreme Court of the United States under existing provisions of law."

further stated that "if the actions and course of conduct of the defendants" were construed to be a "labor dispute" within the meaning of those statutes, the latter would be unconstitutional, as so interpreted, because in contravention of the Fifth Amendment of the Constitution of the United States and of Article II, § 30, of the Constitution of the State of Missouri. By their amended bill of complaint, appellees, the original plaintiffs, made similar allegations as to the inapplicability of the Norris-LaGuardia Act and its invalidity if held applicable.

On the presentation of the bill, the District Judge granted a temporary restraining order enjoining the defendants' conduct of which complaint was made. A motion to dissolve the restraining order and to dismiss the complaint was denied on August 13, 1937. 20 F. Supp. 767. After the passage of the Act of August 24, 1937, the District Judge certified to the Attorney General that the constitutionality of the Norris-LaGuardia Act and of the National Labor Relations Act had been "drawn in question." On the request of the District Judge, a court of three judges was constituted. The motion of the defendants to dismiss the bill and to vacate the temporary restraining order and the motion of the plaintiffs for an interlocutory injunction restraining the defendants from committing the alleged unlawful acts in pursuance of a conspiracy in violation of the Anti-Trust Acts, were then heard. The motion to dismiss was denied and the interlocutory injunction was granted as prayed. 21 F. Supp. 807.

There was no application before the District Court for an injunction restraining the enforcement of any Act of Congress. In considering the application for an injunction restraining defendants from picketing, boycotting, etc., the District Court found that the ground of defense was the defendants' contention that the Norris-LaGuardia Act deprived the District Court of jurisdiction. The

court held that that Act had no application to the controversy and that it was unnecessary to resolve the constitutional question presented as to its validity. *Id.*, pp. 811, 814.

The Act of August 24, 1937, carefully distinguishes between the different situations to which its provisions are addressed. Section 1 applies "whenever the constitutionality of any Act of Congress affecting the public interest is drawn in question" in any court of the United States in any suit or proceeding to which the United States, or its agency, officer or employee as such, is not a party. The fact that such a question is involved must be certified to the Attorney General and the United States must be permitted to intervene with all the rights of a party. To make that provision applicable it is enough that a question as to the constitutionality of an Act of Congress is involved, however it may arise. The question may be raised by any party and the section is not limited to cases where an injunction is sought to restrain the enforcement of the Act. Apart from providing for intervention, and the right of the United States to present evidence and argument, § 1 does not require any change in procedure in the hearing of the cause or in relation to appeal.

Section 2 applies to a suit or proceeding in which the United States, or its agency, officer or employee as such, is a party or in which the United States has intervened and in which "the decision is against the constitutionality of any Act of Congress." In that event, an appeal may be taken directly to this Court. That section applies, however the question of constitutionality may arise, provided the United States is or has become a party and the decision is against the validity of the Act. That section does not require a court of three judges, and no provision is made for a direct appeal to this Court if the decision is in favor of the constitutionality of the Act.

The provision in § 3 for a determination by three judges and for a direct appeal to this Court is limited to the particular class of cases there described. Section 3 does not provide for a case where the validity of an Act of Congress is merely drawn in question, albeit that question be decided, but only for a case where there is an application for an interlocutory or permanent injunction to restrain the enforcement of an Act of Congress. The careful choice of language in the different sections of the Act points clearly to a distinction in categories. Had Congress intended the provision in § 3, for three judges and direct appeal, to apply whenever a question of the validity of an Act of Congress became involved, Congress would naturally have used the familiar phrase "drawn in question," as in the first section of the Act. While there are some variations in text, the provision in § 3 has a manifest analogy to that of § 266 of the Judicial Code (28 U. S. C. 380) providing for three judges and a direct appeal to this Court in case of an application for an injunction restraining the enforcement of a state statute by restraining the action of state officers. That provision is hinged on an application for injunction, and not on the mere drawing in question of the constitutionality of a state enactment. Compare *Smith* v. *Wilson,* 273 U. S. 388, 391; *Stratton* v. *St. Louis Southwestern Ry. Co.,* 282 U. S. 10, 15.

The entire procedure prescribed in § 3 turns on the presentation of an application for an injunction to restrain the enforcement of a federal statute. It is when "such application" is presented to a judge that the participation of two other judges is to be requested. It is "such application" which is not to be heard or determined before at least five days' notice to the Attorney General. The judge to whom "the application is made" may grant a temporary restraining order, and the court "at the time of hearing such application" may continue the temporary stay. And it is the hearing "upon any such application

for an interlocutory or permanent injunction" that is to be given precedence and expedited. Appeal is to be taken directly to this Court where the decree grants or denies "an interlocutory or permanent injunction in such case."

The contention of plaintiffs that the Norris-LaGuardia Act was not applicable to the conduct of defendants and would be invalid if otherwise interpreted was but an anticipation of a defense and did not constitute an application for injunction in any proper sense of the term as used in § 3. The only application for an injunction was one to restrain the defendants from committing acts in pursuance of the alleged conspiracy in violation of the Anti-Trust Acts. The statute did not require a decision by three judges upon that application or authorize a direct appeal to this Court.

But although the merits cannot be reviewed here, this Court, by virtue of its appellate jurisdiction in cases of decrees purporting to be entered under the Act of August 24, 1937, as in cases of decrees purporting to be entered under § 266 of the Judicial Code, necessarily has jurisdiction to determine whether the court below has acted within the authority conferred by the statute and to make such corrective order as may be appropriate to the enforcement of the limitations which the statute imposes. We have said that such a case is analogous to those in which this Court, finding that the court below has acted without jurisdiction, exercises its appellate jurisdiction to correct the improper action. *Gully* v. *Interstate Natural Gas Co.,* 292 U. S. 16, 18; *Oklahoma Gas & Electric Co.* v. *Oklahoma Packing Co.,* 292 U. S. 386, 392; *Wall* v. *McNee,* 296 U. S. 547; *United States* v. *Corrick,* 298 U. S. 435, 440. As appellants by mistakenly appealing directly to this Court have lost their opportunity to have the decree reviewed on its merits, as the time for appeal to the Circuit Court of Appeals has expired, our

appropriate action, without passing upon the merits, is to vacate the decree below and to remand the cause to the District Court for further proceedings to be taken independently of § 3 of the Act of August 24, 1937. *Gully* v. *Interstate Natural Gas Co., supra; Oklahoma Gas & Electric Co.* v. *Oklahoma Packing Co., supra.*

*Judgment vacated.*

MR. JUSTICE CARDOZO took no part in the consideration and decision of this case.