## REESE v. BEACON HOTEL CORPORATION.

### No. 314.

Circuit Court of Appeals, Second Circuit.

May 28, 1945.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

John Nemerov, of New York City (Maurice Dix and Louis Kipnis, both of New York City, of counsel), for appellant Hilda Reese.

Sylvester & Harris, of New York City (Sidney Harris, and Joel K. Mithers, both of New York City, of counsel), for appellee Beacon Hotel Corporation.

AUGUSTUS N. HAND, Circuit Judge.

Beacon Hotel Corporation was organized to take title to the assets of Beacon & Midway Corporation (which consisted of the Beacon Theatre and hotel property) under a plan of reorganization of Beacon & Midway Corporation confirmed by the District Court for the Southern District of New York in an order dated February 4, 1938. The property was transferred to Beacon Hotel Corporation (known as New Corporation) which issued its securities under the plan in 1938. Hilda Reese who was the owner of $5500 par of bonds of Beacon & Midway Corporation received in exchange therefor under the plan: $5500 par of 4% income bonds of the New Corporation on which only 1% interest has been paid during the six years since the reorganization, and 55 shares of its capital stock subject to a Voting Trust Agreement under the plan, upon which no dividends have been paid. The order of confirmation of February 4, 1938 attempted to reserve jurisdiction among other things of the power:

"To pass upon and approve all matters relating to the operation, management and leasing of the part of the property hereby directed to be transferred to the New Company, which is known as the Beacon Theatre."

On August 25, 1944 the New Corporation obtained an order in the original proceeding for organization of Beacon & Midway Corporation directing all parties to that proceeding to show cause on August 30, 1944 why an order should not be made, pursuant to the jurisdiction theretofore reserved, approving a lease of the Beacon Theatre by the New Corporation to a company known as Beathecorp Inc. Because Hilda Reese appeared in that proceeding by her attorney Joseph Nemerov, the latter received notice of the motion for the approval of the lease and appeared and opposed approval. Objection was made

before the District Court specifically on the ground that notice should have been given to all bondholders of the New Corporation, that a hearing should be had to determine the benefits or detriments of the proposed lease and that insufficient notice had been given for proper consideration of the motion. No objection was made because its terms were disadvantageous or because the directors or officers of the New Corporation had acted without authority or otherwise improperly. The District Court made an order August 30, 1944 approving the lease pursuant to the reservation of jurisdiction in the order of February 4, 1938. Hilda Reese appealed and has assigned as errors that the District Court was without jurisdiction to make the order, that if it had jurisdiction notice should have been given to all the security holders and that in any event the court should have conducted a hearing. We shall not discuss the merits of the lease or the technical objections which are raised, such as lack of notice to the other security holders or the summary character of the proceeding, for it is plain that the court was without jurisdiction to approve or disapprove the proposed lease under the reservation of power in the order of February 4, 1938. We have repeatedly held that reservation of jurisdiction beyond what is requisite to effectuate a plan of reorganization is beyond the power of the reorganization court. Towers Hotel Corporation v. Lafayette Nat. Bank, 2 Cir., 148 F.2d 145; North American Car Corporation v. Peerless W. & V. Mach. Corporation, 2 Cir., 143 F.2d 938; In re Flatbush Ave-Nevins St. Corporation, 2 Cir., 133 F.2d 760; Bakers Share Corporation v. London Terrace, 2 Cir., 130 F.2d 157; In re Ambassador, 2 Cir., 124 F.2d 435. There is no way in which the making of the proposed lease by the New Corporation six years after the plan of reorganization went into effect can be said to promote the plan or in any proper sense to be ancillary to it. To require the sanction of the reorganization court in order that the New Corporation may make such leases is to fetter its action and keep it in perpetual tutelage. Since the District Court made an order which exceeded its jurisdiction we should so hold on our own motion

even though Hilda Reese had no standing to object to the making of the lease, for lack of any showing that the directors and officers of the Beacon Hotel Corporation acted beyond their authority in contracting for it.

In view of absence of jurisdiction to make the order appealed from the proper procedure is to reverse the order of August 30, 1944 and to remand the proceeding to the District Court with directions to deny the motion for the approval of the proposed lease for lack of jurisdiction. In United States v. Corrick, 298 U.S. 435, 440, 56 S.Ct. 829, 831, 80 L.Ed. 1263, where, as in the case at bar, the question of absence of jurisdiction had not been raised in the court below, Justice Roberts laid down the applicable rule as follows:

"The appellants did not raise the question of jurisdiction at the hearing below. But the lack of jurisdiction of a federal court touching the subject-matter of the litigation cannot be waived by the parties, and the District Court should, therefore, have declined sua sponte to proceed in the cause. And if the record discloses that the lower court was without jurisdiction this court will notice the defect, although the parties make no contention concerning it. While the District Court lacked jurisdiction, we have jurisdiction on appeal, not of the merits, but merely for the purpose of correcting the error of the lower court in entertaining the suit. The decree must, therefore, be reversed, and the cause remanded, with directions to dismiss the bill."

See also to the same effect International Ladies' Garment Workers v. Donnelly Co., 304 U.S. 243, 251, 58 S.Ct. 875, 82 L.Ed. 1316.

Order appealed from reversed but without costs and proceeding remanded to the District Court with directions to deny the motion for approval of the proposed lease for lack of jurisdiction. No costs are allowed to the appellant because she had no standing to object to the lease by the Beacon Hotel Corporation, of which she is a stockholder, without showing that its directors and officers acted beyond their authority.