Norman Lloyd **PETERSEN**, Plaintiff,

v.

Ramsey **CLARK** et al., Defendants.

Civ. No. 47888.

United States District Court
N. D. California.

May 13, 1968.

See also D.C., 285 F.Supp. 700.

Doris Brin Walker, Treuhaft, Walker & Burnstein, Oakland, Cal., for plaintiff.

Cecil F. Poole, U. S. Atty., Jerry K. Cimmet, Asst. U. S. Atty., for defendants.

Before DUNIWAY, Circuit Judge, and HARRIS and ZIRPOLI, District Judges.

## ORDER DISSOLVING THREE-JUDGE COURT AND RE-MANDING CASE TO SINGLE JUDGE

PER CURIAM.

The history of this litigation up to the convening of a three-judge court is described in the order of January 23, 1968,[1] entered by Judge Zirpoli, the single judge to whom the complaint was originally presented.

On February 20, 1968, a pre-trial order was entered. On March 14, 1968, the court approved a stipulation between the parties that further proceedings in this case would be stayed pending action by the Supreme Court in a case (Oestereich v. Selective Service Local Board No. 11, 391 U.S. 912, 88 S.Ct. 1804, 20 L.Ed.2d 651), which the parties then believed would resolve the issue of the constitutionality of § 460(b) (3). The parties subsequently became aware that *Oestereich* may not resolve the issue raised here, and on April 3, 1968, the government moved to dissolve the stipulation, the three-judge court, and to dismiss the action. On April 22, 1968, the plaintiff moved for a preliminary injunction, temporary restraining order, and order to show cause. Plaintiff's motion sought to prevent defendants from prosecuting plaintiff for his failure to submit to induction into the armed forces of the United States. On April 26, 1968, oral argument was heard by the three-judge court.

At the outset, the court is faced with the question of whether this case is appropriate for a three-judge court or whether the matter should be remanded to the single judge to whom it was orig-

---

1. The January 23, 1968 order was amended by order of the single judge, Judge Zirpoli, on January 29, 1968. The amendments are not significant for purposes of this order.

inally presented. The pertinent statute, 28 U.S.C. § 2282, provides that:

An interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution of the United States shall not be granted by any district court or judge thereof unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title.

Cases construing § 2282[2] and its predecessors have established the rule that a three-judge court is not required where the constitutionality of a Congressional statute is merely drawn in question and is required only where an injunction against the statute's enforcement, operation or execution is sought.[3] The amended complaint in this action purports to seek an injunction against defendants' reliance on § 460(b) (3) by alleging that § 460(b) (3) is unconstitutional.[4] A very similar situation was presented to the United States Supreme Court in International Ladies' Garment Workers Union v. Donnelly Garment Co., 304 U.S. 243, 58 S.Ct. 875, 82 L.Ed. 1316 (1938). *Donnelly* was a suit to enjoin a defendant from conspiring to violate the antitrust laws by picketing and interfering with plaintiff's business. The Court said, at 304 U.S. at 251, 58 S.Ct. at 880:

The contention of plaintiffs that the Norris-LaGuardia Act [prohibiting district court injunctions against certain labor activity] was not applicable to the conduct of defendants and would be invalid if otherwise interpreted was but an anticipation of a

defense and did not constitute an application for injunction in any proper sense of the term as used in section 3 [of the Act of August 24, 1937, a predecessor of 28 U.S.C. § 2282].

We are unable to perceive any material differences between the situation presented in *Donnelly* and that presented in *Petersen*. In each a Congressional statute sought to deprive the district court of jurisdiction to grant the ultimate relief sought by the plaintiff; in each the power of the court turned on a construction of the statute; in each, once the statute was construed to preclude jurisdiction, the constitutionality of the statute would be at issue.[5] Merely because the plaintiff in this case uses the word "injunction" in his pleadings does not alter the fact that no substantive difference between *Donnelly* and *Petersen* exists.

*Donnelly* was thought controlling by the Supreme Court in a later case decided under § 2282. In Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960), the plaintiff sought review of an administrative order terminating social security benefits. The termination was pursuant to a Congressional statute providing for termination where a person is deported for specific reasons. Plaintiff contended that the statute authorizing termination was unconstitutional in that it deprived him of property, specifically social security benefits for which he had paid over the years out of his earnings. The Court declared:

this * * * action could, and did, draw in question the constitutionality of [the statute authorizing termination of benefits] * * *. However,

2. For a history of the statute, 28 U.S.C. § 2282, see Currie, The Three-Judge District Court in Constitutional Litigation, 32 U.Chi.L.Rev. 1, 9–12 (1964) [hereafter cited as Currie]. For criticisms and suggested reforms, see Currie 78–79.

3. The Supreme Court has declined to rule that *no* declaratory relief action would require three judges. Kennedy v. Mendoza-Martinez, 372 U.S. 144, 154, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). The Court's

action in *Mendoza* has been criticized and a proffered explanation given in pragmatic terms in Currie 76.

4. Whether "injunction" is a term of art which permits or prohibits the artful pleader from invoking or escaping the three-judge court acts is not a new issue and has plagued courts before. See Currie 14–20.

5. See 48 Yale L.J. 125 (1938).

the action did no more. It did not seek affirmatively to interdict the operation of a statutory scheme. A judgment for appellee would not put the operation of a federal statute under the restraint of an equity decree; indeed, apart from its effect under the doctrine of *stare decisis,* it would have no other result than to require the payment of appellee's benefits.

■ Similarly, in the case at bar, a finding for plaintiff would merely result in a court being able to hear the merits of plaintiff's case, the merits being whether he was illegally classified and ordered to report for induction. Even the so-called "injunction" against the invocation of § 460(b) (3) by defendants in this case only purports to affect this controversy. Hence, arguably the policies of § 2282 are not satisfied by this action,[6] and even though an "injunction" is sought, a three-judge court is not required, for the effect of the decree is no greater than to permit this civil action to proceed.[7]

Because we find that the present case is not materially distinguishable from *Donnelly,* and because we find that the constitutionality of 50 U.S.C. App. § 460 (b) (3) is merely drawn in question by this litigation and hence is not a case within the purview of 28 U.S.C. § 2282,

It is ordered that the three-judge court heretofore convened be and is dissolved and that the matter be and is remanded to the single judge to whom the complaint was originally presented for such further proceedings as are appropriate.

---

6. See Currie 15–20; note 4 supra. Compare Phillips v. United States, 312 U.S. 246, 251, 61 S.Ct. 480, 85 L.Ed. 800 (1941) (statute should be strictly applied without considering broad social policies).

7. Arguably the entire "injunctive proceeding" directed at § 460(b) (3) is insignificant in this case, for the statute is one which does nothing except affect the jurisdiction of a federal court. And since a judge may always note the court's own subject matter jurisdiction or lack thereof, § 460(b) (3) is merely invoked or followed by a judge and is not something which is enforced by the defendants in this case. Hence, the "injunction" action is nothing more than a request that the court accept jurisdiction of the civil suit. Whether or not defendants could or could not cite the section in a memorandum of points and authorities, it is for the judge or court to decide whether jurisdiction does or does not exist. See International Ladies' Garment Workers Union v. Donnelly Garment Co., 304 U.S. 243, 58 S.Ct. 857, 82 L.Ed. 1316 (1938).