Julia **ROSADO**, Lydia Hernandez, Majorie Miley, Sophia Abrom, Ruby Gathers, Louise Lowman, Eula Mae King, Cathryn Folk, Annie Lou Phillips, and Majorie Duffy, individually, on behalf of their minor children, and on behalf of all other persons similarly situated, Plaintiffs,

v.

George K. **WYMAN**, individually and in his capacity as Commissioner of Social Services for the State of New York, and the Department of Social Services for the State of New York, Defendants.

No. 69 Civ. 355.

United States District Court
E. D. New York.

May 12, 1969.

See also, D.C., 304 F.Supp. 1346, 1356, 1350.

Lee A. Albert, Henry A. Freedman, Sylvia Ann Law, Nancy Duff Levy, Robert P. Borsody, New York City, Center on Social Welfare Policy and Law.

Carl Rachlin, James Spitzer, David Draschler, Gen. Counsel, New York City, National Welfare Rights Organization, Scholarship, Education and Defense Fund, Inc.

Martin Garbus, New York City, Roger Baldwin Foundation of American Civil Liberties Union, Ronald Bevil, Bruce Ferguson, Jonathan Marsh, of counsel.

Burt Neuborne, New York City, New York Civil Liberties Union, Louis J. Lefkowitz, Atty. Gen., of New York, New York City, for defendants, Philip Weinberg, Amy Juviler, New York City, of counsel.

J. Lee Rankin, Corp. Counsel of City of New York, New York City, amicus curiae, Robert E. Hugh, Phyllis Roberts, New York City, of counsel.

Morris H. Schneider, County Atty. of Nassau County, Mineola, N. Y., amicus curiae, A. Thomas Levin, Mineola, N. Y., of counsel.

Vincent T. McCarthy, U. S. Atty., for Eastern District of New York, Brooklyn, N. Y., amicus curiae, for Department of Health, Education and Welfare, Harold Stevens, New York City, of counsel.

David Gilman, Gen. Counsel, New York City, City-Wide Coordinating Committee of Welfare Groups, MFY Legal Services Inc.

Cesar Perales, Williamsburg Legal Services, Brooklyn, N. Y., for Julia Rosado.

Virginia Schuler, Brooklyn, N. Y., Brownsville Legal Services, for Cathryn Folk and Eula Mae King.

Edward V. Sparer, Yale Law School, New Haven, Conn., Harold J. Rothwax, David A. Diamond, Marianne J. Rosenfield, Eric Hirschhorn, New York City, MFY Legal Services Inc., Mort P. Cohen, South Brooklyn Legal Services, Brooklyn, N. Y., for Lydia Hernandez.

Morton Friedman, St. Albans, N. Y., for Annie Lou Phillips and Majorie Duffy.

Philip Sokol, New York City, of counsel, for Federation of Jewish Philanthropies of New York.

Dorothy J. Coyle, New York City, of counsel, for Catholic Charities of the Archdiocese of New York.

Mildred A. Shanley, Brooklyn, of counsel, for Catholic Charities of the Archdiocese of Brooklyn.

Louis Agin, New York City, of counsel, for Federation of Protestant Welfare Agencies.

Before MOORE, Circuit Judge, MISHLER and WEINSTEIN, District Judges.

## MEMORANDUM AND ORDER

### PER CURIAM.

A three-judge court was properly convened in this case when plaintiffs challenged the constitutionality of section 131–a of the New York Social Services Law, McKinney's Consol.Laws, c. 55. Chapter 184 of the Laws of 1969, adopted March 31, 1969, effective July 1, 1969. It is contended by plaintiffs that the provision constitutes an irrational and invidious discrimination against residents of Nassau County because the schedules of payments under the Aid to Dependent Children provisions were some 15% less for Nassau County residents than for residents of the City of New York even though the cost of living for those families receiving aid to dependent children was not lower in Nassau County than in New York City.

Following designation of members of the three-judge court by the Chief Judge of this Circuit, all parties filed motions for summary judgment with supporting affidavits on April 30, 1969. On the same day that motions for summary judgment were submitted, a bill to repeal subdivision 4 of section 131–a of the New York Social Services Law and to provide a new subdivision 4 was introduced in the Legislature.

Subdivision 4 of section 131–a, as originally adopted, provided for a method of reduction of monthly grants and allowances in areas outside the City of New York but not for their increase. The new subdivision 4 provides that the Commissioner of Social Services of the State of New York may promulgate schedules of monthly grants and allowances in individual districts "for greater or lesser amounts" than those established under section 131–a to reflect costs of living "but not to exceed the maximums prescribed" for residents of the City of New York. In addition, the new subdivision 4 also permits local social services officials, "with the approval of the appropriate local legislative body," to "make application to the department" of Social Services "for the promulgation of a schedule pursuant" to this new subdivision. The new subdivision reads as follows:

4. Provided it accords with federal requirements, the regulations of the department shall provide that the commissioner, with respect to any social services district to which subdivision three applies, may promulgate a schedule of monthly grants and allowances for greater or lesser amounts than established by the regulations of the department applicable to such district, but not to exceed the maximums prescribed by subdivision two, for all items of need exclusive of shelter and fuel for heating, if it is established that in such district the total cost of the items included in the schedule applicable to such district actually is more or less, as the case may be, than the cost thereof reflected in such

schedule. A social services official may, with the approval of the appropriate local legislative body, make application to the department for the promulgation of a schedule pursuant to this subdivision.

This bill was adopted on May 2, 1969 by the Legislature after a message of necessity from the Governor eliminated the need for following legislative procedures which might delay its passage. See New York State Constitution, Art. 3 § 14. The Governor signed the bill on May 9, 1969 and, according to its terms, it takes effect on July 1, 1969, as did the original subdivision 4.

Pursuant to this new subdivision 4, the Commissioner of Social Services of the State of New York may—either on his own motion or after an application by a local Social Services Officer with the consent of the local legislative body or upon the petition of an aggrieved party, pursuant to Article 78 of the New York Civil Practice Law and Rules—provide schedules for monthly payments in all parts of the state which reflect differences in cost of living.

Under the circumstances it is apparent that the constitutional issue posed is no longer justiciable. The constitutional attack on the provision as originally adopted has been rendered moot and any attack on the newly adopted subdivision would not be ripe for adjudication by this Court until there has been opportunity for action by state officials and until the matter comes before this Court in an appropriate proceeding. We need not consider the now academic question of whether the three-judge court might, in the exercise of its pendent jurisdiction, have decided the alleged statutory issue either before it considered the alleged constitutional issue or after it decided the constitutional issue against the plaintiffs. *Cf.* King v. Smith, 392 U.S. 309, 312, n. 3, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). Under the circumstances of this case there is no reason for continuing the three-judge court. It is ordered that the three-judge court heretofore convened be and is dissolved and that the matter be and is remanded to the single judge to whom the complaint was originally presented for such further proceedings as are appropriate. *See* Peterson v. Clark, 285 F.Supp. 698, 700 (N.D. Calif. 1968); *cf.* International Ladies' Government Workers Union v. Donnelly Garment Co., 304 U.S. 243, 58 S.Ct. 875, 82 L.Ed. 1316 (1938).

So ordered.