**John A. JOBST, Plaintiff,**

**v.**

**Elliot L. RICHARDSON, Secretary of Department of Health, Education and Welfare, Defendant.**

**No. 20495–1.**

United States District Court,
W. D. Missouri, W. D.

May 11, 1973.

---

12. Set out in note 5 *supra*.

13. Set out in note 7 *supra*.

14. Set out in note 6 *supra*.

**898**

J. D. Riffel, Legal Aid & Defender Society, Kansas City, Mo., for plaintiff.

Sheryle L. Randol, Asst. U. S. Atty., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

This case involves a challenge to 42 United States Code § 402(d), which forced the termination of plaintiff's child's insurance benefits. The case currently pends upon defendant's motion for summary judgment filed on November 13, 1972. The plaintiff has not filed a cross-motion for summary judgment because, according to his statement in his suggestions in opposition to the defendant's motion for summary judgment, "it would be improper for the court to consider the merits of this cause previous to its ruling on plaintiff's request for empaneling of a three-judge court." In view of plaintiff's statement, however, we will rule the three-judge court question and direct further proceedings.

Plaintiff claims that 42 U.S.C. § 402 (d) is unconstitutional as applied to him because it is in violation of the Due Process Clause of the Fifth Amendment. He prays, on the merits, for reinstatement of his child's insurance benefits, invoking the Court's jurisdiction under 42 U. S.C. § 405(g). Plaintiff also seeks independent judgment declaring 42 U.S.C. § 402(d) to be unconstitutional.

Except for plaintiff's effort to invoke broader jurisdiction than that usually invoked in cases of this type, this case would unquestionably be one of simple review of the action of the Secretary even though a constitutional challenge is involved. The plaintiff, however, prays that the court "issue a permanent injunction restraining defendant, his successor in office, agents, and employees from enforcing Title 42, U.S.C. Section 402(d)(1)(D)" and requests that a three-judge district court be convened and take jurisdiction of the case pursuant to 28 U.S.C. §§ 2282 and 2284.

The statutory provision plaintiff relies upon, 28 U.S.C. § 2282, states that "an interlocutory or permanent injunction restraining the enforcement, opera-

tion or execution" of an act of Congress because of the unconstitutionality of the act shall not be granted unless heard and determined by a three-judge court. Plaintiff asserts that this statute demands that *whenever* an injunction is sought by way of a challenge to the constitutionality of a statute, a three-judge court must be convened.

Plaintiff's cases do tend to demonstrate that injunctive relief may be appropriate under certain circumstances when a social security statute is challenged on constitutional grounds. Those cases do not, however, require that a three-judge court be convened simply because an injunction is prayed for. Most of the cases are distinguishable from this one. Morris v. Richardson, 346 F. Supp. 494 (N.D.Ga., 1972), and Bartley v. Finch, 311 F.Supp. 876 (E.D.Ky., 1970), cases in which three-judge courts were convened to decide on the constitutionality of certain provisions of the Social Security Act, were both class actions.

A three-judge court was also convened in Davis v. Richardson, 342 F.Supp. 588 (D.Conn., 1972), aff'd 409 U.S. 1069, 93 S.Ct. 678, 34 L.Ed.2d 659 (1972), which was not a class action. The opinion did not reflect that the three-judge court was challenged, however, for there was no discussion of that issue. In any event, we conclude, for the reasons set out below that in this case a three-judge court is neither required by law nor warranted under the legislative purpose of the statute.

■ The cases make clear that a mere demand for injunctive relief does not meet the requirements of 28 U.S.C. § 2282. In Petersen v. Clark, 285 F.Supp. 698 (N.D.Cal., 1968), rev'd on other grounds, 411 F.2d 1217 (9th Cir., 1969), the plaintiff asked that the defendant be enjoined from enforcing 50 U.S.C. App. § 460(b)(3), which purported to preclude judicial review of Selective Service Board actions. The court held in a per curiam opinion that the result of a finding in plaintiff's favor would merely permit them to hear the merits of the case at bar. The so-called injunction would only affect the immediate controversy and the same result would be reached without enjoining enforcement of the statute. The court pointed out that using the word "injunction" did not distinguish it from International Ladies Garment Workers Union v. Donnelly Garment Co., 304 U.S. 243, 58 S.Ct. 875, 82 L.Ed. 1316 (1938), where the injunction prayed for was merely in anticipation of the defense that a statute precluded judicial review. See also Dale v. Hahn, 311 F.Supp. 1293 (S.D.N.Y., 1970) aff'd in part, rev'd in part on other grounds 440 F.2d 633 (2nd Cir., 1971).

The situation in this case is remarkably similar to *Donnelly Garment Co.* The fact that the plaintiff includes a prayer for injunctive relief does not materially distinguish this case from Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960), where the plaintiff sought judicial review of the termination of his benefits on deportation grounds. He challenged the constitutionality of the statute under which he was terminated and demanded a three-judge court. The Supreme Court held that since the action did not seek to interdict the operation of the statutory scheme, a three-judge court was not necessary.

■ In this case the plaintiff is challenging only the termination of his own benefits. If the termination is held to be wrongful, even because of the unconstitutionality of the statute, that forced the termination, the appropriate relief would be the renewal of child benefit payments. An injunction against the enforcement of the statute against the plaintiff would do no more than a simple review under 42 U.S.C. § 405(g). Giving the ultimate relief sought a different name should not compel the convening of a three-judge court. We conclude, therefore, that the plaintiff is not entitled to a three-judge court under 28 U.S.C., § 2282.

■ This result is perfectly consistent with the policy of § 2282. The purpose of that statute is to prevent a single judge from being able to totally paralyze

the operation of a statutory scheme by the issuance of a broad injunctive order. See Kennedy v. Mendoza-Martinez, 372 U.S. 144, 154, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). The statute should be strictly construed so that in cases where that policy is not promoted the inevitable burden that the convening of three-judge courts adds to the Federal Court system will be avoided.

For the reasons indicated, it is

Ordered that the plaintiff's application for the convening of a three-judge court should be and is hereby denied. It is further

Ordered that if plaintiff wishes to file a cross-motion for summary judgment he do so within ten (10) days. It is further

Ordered that the parties indicate within ten (10) days whether or not additional briefs are necessary under the circumstances. It is further

Ordered that the plaintiff's motion to file his first amended complaint is hereby denied. It is further

Ordered that the plaintiff may make any amendments he deems necessary by interlineation.