**Thomas KOVACH, Individually and as next friend of Kimberly Kovach, a minor, Plaintiffs,**

**v.**

**J. W. MIDDENDORF, Secretary of the Navy, et al., Defendants.**

**Civ. A. No. 75–20.**

United States District Court, D. Delaware.

Jan. 22, 1976.

---

Arlen B. Mekler, and Eugene J. Maurer, Jr., of Wise & Mekler, Wilmington, Del., for plaintiffs.

W. Laird Stabler, Jr., U. S. Atty. and Kent Walker, Asst. U. S. Atty., Wilmington, Del., for defendants, and Lt. John Faught, Office of Judge Advocate Gen., Washington, D. C., of counsel.

## OPINION

STEEL, Senior District Judge:

Plaintiffs have filed a motion to amend the complaint and in paragraph 6 of the proposed amendment request the convening of a three-judge court pursuant to 28 U.S.C. § 2282. The defendants object to the granting of the motion but state that if the motion is granted the convening of a three-judge court would be proper. The motion was filed while cross motions for summary judgment were pending, had been briefed, but had not been decided.

The plaintiffs are Thomas Kovach, who sues individually and as next friend of Kimberly Kovach, a minor, and Kimberly Kovach ("Kimberly"). The defendants are J. W. Middendorf, Secretary of the Navy, Vice Admiral Emmett Tidd, Head of Navy Recruitment, C. E. McIntosh, Commander, U. S. Navy Officer Programs Division, Operations Department.

The complaint alleged, *inter alia,* that Kimberly applied in August 1974, for an N.R.O.T.C. scholarship authorized by 10 U.S.C. § 2107, that the application was rejected, that at the time there were approximately 15 scholarships authorized per year for women whereas there were approximately 1,485 scholarships authorized per year for men, and that the administration and awarding of the scholarships under 10 U.S.C. § 2107 resulted in an arbitrary classification in that it treated males and females who are similarly situated in a dissimilar manner. In the summary judgment brief filed by defendants one of the defenses asserted to justify the difference in treatment between men and women was the provisions of 10 U.S.C. § 6015. This prohibits the Navy from assigning women to duty on vessels of the Navy other than hospital ships and transports. Because of this difference between the services which could be legally assigned to men and to women the defendants argued that the limitation on the number of scholarships available to women as against those available to men was not arbitrary or discriminatory.

In response to this defense plaintiffs asserted in their brief that section 6015 itself was also unconstitutional because of its exclusion of women from sea

duty.[1] Because of this the Court wrote counsel and said that the unconstitutionality of section 6015 had not been raised in the complaint, and that if section 6015 was to be challenged by plaintiffs an amended complaint should be filed which specifically raised the constitutional question;[2] and that if injunctive relief was to be sought against the administration of the scholarship program because of the unconstitutionality of section 6015 this should be prayed for.

■ It was because of this letter that the plaintiffs moved to amend the complaint. The amendment alleges the unconstitutionality of section 6015, seeks a declaration to that effect, and in prayer 2(f) asks the Court to enjoin "the limitation on women's participation in the Naval forces prescribed by 10 U.S.C.A. § 6015 . . . insofar as it delimits Kimberly's opportunity to be awarded an N.R.O.T.C. scholarship pursuant to 10 U.S.C.A. § 2107 on the same basis as male applicants."

In resisting the motion to amend, the defendants argue that it is untimely and prejudicial to defendants. This contention is denied and the motion for leave to amend will be granted.

■ The application of the plaintiffs for a three-judge court, although stated by defendants to be proper, is not warranted.

The amended complaint in prayer 1(b) asks for a declaratory judgment that the statutory limitation on the participation of women in the Naval forces as prescribed by 10 U.S.C. § 6015 is violative of equal protection and therefore due process of law. The only injunctive relief which mentions section 6015 is prayed for in 2(f) described *supra*. It does not seek an injunction generally against the enforcement of section 6015, but only "insofar as it delimits plaintiff Kimberly's opportunity" to be awarded a scholarship.

■ The three-judge court is not required where a plaintiff seeks only declaratory relief rather than an injunction. *Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 152–5, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). If plaintiffs should prevail, an order enjoining the "enforcement, operation or execution" (the language of section 2282) of section 6015 would not be necessary. At most an order declaring section 6015 to be unconstitutional in its relationship to the administration of section 2107 and enjoining defendants from administering section 2107 in a manner which sexually discriminates between male and female applicants would suffice.[3] See *Flemming v. Nestor,* 363 U.S. 603, 607, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960). Compare *Americans for Separation of Church and State v. Paire,* 475 F.2d 462, 465 (1st Cir. 1973). A three-judge court may not be obtained merely on the basis of a formal allegation seeking injunctive relief against a statute alleged to be constitutionally infirm, but the duty of the Court is to examine the complaint for its substantive allegation which would support a claim for injunctive relief. If the substantive allegation will not support the granting of injunctive relief against the enforcement, operation or execution of the statute, a three-judge court is not required. *Majuri v. United States,* 431 F.2d 469, 472–3 (3d Cir. 1970), *cert. denied,* 400 U.S. 943, 91 S.Ct. 245, 27 L.Ed.2d 248. Compare *Amalgamated Meatcutters and Butcher Workers v. Connally,* 337 F.Supp. 737, 744 (D.D.C. 1971) (three-judge court).

■ The foregoing conclusion is fortified by the doctrine that a three-judge court is not proper when the constitutionality of a congressional statute is merely drawn in question indirectly because it is challenged as an anticipated defense. *International Ladies' Garment Workers' Union v. Donnelly Garment Co.,* 304 U.S. 243, 251, 58 S.Ct. 875, 82

---

1. Neither party has thus far briefed this point.

2. In retrospect this may have been unnecessary.

3. Other provisions safeguarding Kimberly's past and future rights, if needed, could justifiably be included in the order.

L.Ed. 1316 (1938); *Breen v. Selective Service Local Board No. 16,* 406 F.2d 636, 639 (2d Cir. 1968), *rev'd on other grounds* 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970); *Bay Guardian Company v. Chronicle Publishing Company,* 318 F.Supp. 227 (N.D.Cal.1970); *Petersen v. Clark,* 285 F.Supp. 698, 699, 700 n. 7 (N.D.Cal.1968) (three judge court), *rev'd on other grounds* 411 F.2d 1217 (9th Cir. 1969).

Plaintiffs' request for the convening of a three-judge court will be denied.