PROCON, INCORPORATED,
Plaintiff-Petitioner,

v.

Steven Ray WUKASCH, Sabine Area AFL–CIO Building and Construction Trade Union Council, P. L. Ellis, James W. Sparks, James Hudson, Eugene Howard, A. R. Burton, Doug Egan, Glenn Dukes, Bert Fountain, Verdis E. Wagner, Dewey M. Cox, Douglas Daniels, Jack Kennedy, AFL–CIO Pipefitter's Local 195; AFL–CIO Electrician's Local 479; AFL–CIO Asbestos Workers Local 22; AFL–CIO Carpenters Local 610; AFL–CIO Millwrights Local 2484; AFL–CIO Cement Finishers Local 884; AFL–CIO Operating Engineers Local 450; AFL–CIO Surveyors Local 4501; AFL–CIO Iron Workers Local 125; AFL–CIO Boilermakers Local 587; Teamsters Local 920; AFL–CIO Laborers Local 583, Defendants-Respondents.

Civ. A. No. B–81–474–CA.

U. S. District Court,
E. D. Texas,
Beaumont Division.

July 23, 1981.

Hofheinz, Harpold, McDonald & Fitzgerald, Anthony D. Sheppard, Houston, Tex., for plaintiff, Procon, Inc.

Maner, Nelson & Reaud, Wayne A. Reaud, Beaumont, Tex., and Stephenson, Thompson & Dies, Martin W. Dies, Orange, Tex., for the respective defendants other than Steven Ray Wukasch.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW MEMORANDUM OF DECISION

JOE J. FISHER, Chief Judge.

This is a wrongful picketing case. The Plaintiff, Procon, Incorporated, (Procon) is the general contractor for a significant new energy unit being constructed at the Gulf Oil Refinery located in Port Arthur, Texas, and the construction contract connected to the job is in the approximate amount of $80,000,000.00. Jurisdiction herein is founded upon diversity of citizenship, since Procon is a Delaware corporation with its principal offices in Des Plaines, Illinois, and all defendants are residents of Texas. Additionally, jurisdiction was initially founded upon 29 U.S.Code 185, and no Defendant has challenged the jurisdiction of the Court. All of the Defendants in this cause, with the exception of Steven Ray Wukasch, were dismissed after the hearing on the merits pursuant to an agreement between each of said parties and the Plaintiff, Procon, Incorporated. Defendant, Wukasch, failed to appear for the trial herein, though he was duly served personally with official notice of the time and place of the hearing on this injunction. The hearing was to the Court and, pursuant to Rule 65(a)(2), F.R.C.P., the hearing of this action on the merits was advanced and consolidated with the application for preliminary injunction. Procon dismissed its complaint for monetary damages against Wukasch after the trial, since said Defendant is without significant assets to pay such a judgment.

The allegations of Procon, are as follows, insofar as the operative facts of the case are concerned:

"The Defendant, Steven Ray Wukasch was employed by the Plaintiff, Procon, Inc. as a timekeeper for a considerable period, until June 24, 1981. On June 24, 1981, the said Steven Ray Wukasch was duly terminated from said employment for valid causes, i. e., insubordination and low productivity. Said party, Wukasch, has admitted that he was terminated, at least in major part, for 'playing checkers during work hours.' This unequivocal admission is contained in said party's own handwriting in Plaintiff's Exhibit No. 4, . . . . 'Initial Claim for Benefits, Form B–3(780)', Texas Employment Commission. After said termination from employment the said Steven Ray Wukasch discussed his termination with some or all of the Defendants in this suit. The said Steven Ray Wukasch knows that the union members working upon the relevant Procon jobsite at the Gulf Refinery will not cross or go around a picket stationed at an entry gate. The said Steven Ray Wukasch stationed himself at the Procon jobsite and on the morning of June 26, 1981, at or about 6:00 o'clock a. m., positioned himself near the entry to said site and by his wrongful and unlawful presence closed the entire construction job down by effectuating a total labor stoppage at said site. Steven Ray Wukasch is aware of the contractual duties of the other Defendants herein, and, with malice, has interfered with said contractual duties while committing the unlawful acts herein below described.

The said Steven Ray Wukasch was and is totally aware that his employment was

subject to termination at the will of Procon, and the said Steven Ray Wukasch was free to leave said employment at any time without restriction. Said party was under no formal, written contract to any party to this action, and was not a member of any organization herein. Wukasch knew that as timekeeper he had become well known to the vast majority of the approximately 800 union workers on the jobsite, and that the actions described above in connection with establishing himself as a picket, would have the immediate effect of precipitating a total and extremely damaging work stoppage on the subject jobsite. The construction job at the Gulf Refinery involves approximately $80,000,000.00, and each job day of wrongful work stoppage immediately causes Procon a loss in excess of $20,000.00. Under the totality of the circumstances, with the said Steven Ray Wukasch knowing full well that his termination from employment was fair in all respects under the admitted circumstances, the said Defendant Wukasch, knowingly attempted to use patently unlawful fraud, coercion and extortion to force Procon to rehire said party. Said Defendant's picket and message thereon was not for the purpose of lawful persuasion under the totality of the unequivocal circumstances, but was for the sole unlawful purpose of fraud, coercion and extortion for a valuable and selfish benefit (in property) to said party. The affiant herein says that Steven Ray Wukasch stated personally to said affiant that said party would picket the site and remain thereon (with the concomitant work stoppage), until the said Steven Ray Wukasch was rehired by Plaintiff Procon. The picket placard carried at said time and place by Defendant Wukasch stated thereon, 'Procon Unfair To Me', notwithstanding the fact that said Defendant admitted in writing to a State Agency that he was terminated for, 'playing checkers during work hours'.

The approximately 800 union members that refused to perform their contractual tasks in connection with the project on the jobsite on June 26, 1981, were under formal, written contract not to participate in any work stoppage.

Under the facts relating to this suit, greater injury will be inflicted upon complainant by a denial of the relief sought than will be inflicted upon Defendants by the granting of said relief.

There is no adequate remedy at law hereunder because Wukasch is without adequate funds to compensate Plaintiff for damages herein, and valuable, crucial time shall be irretrievably lost through unlawful work stoppage in connection herewith. Public officers, charged with the duty to protect Plaintiff's rights under local law are unable under all of the circumstances to furnish full and adequate relief herein, since the unlawful acts committed by Wukasch are somewhat subtle, and future prosecution would in no wise furnish the equitable relief required herein to protect the property and rights of Procon.

Based upon the facts, unless enjoined, the said Steven Ray Wukasch will return to the Procon jobsite each and every work day in the future, and, acting in unlawful concert with the other Defendants and the members of the unions involved, will continue to unlawfully halt work on said job. All of the actions of said Defendants are in derogation of outstanding and binding labor contracts, relevant to all labor to be performed in connection with the Procon job. The need for relief herein is immediate, and irreparable damages will continue without a preliminary and permanent injunctive Order.

Procon has lost thousands of dollars by way of the unlawful actions of the Defendants herein and shall lose thousands of dollars each day in the future that the Defendants continue to perpetrate the wrongs stated herein. Procon has a tight time schedule on the subject job and time will be irretrievably lost by way of the wrongful action of the Defendants in connection herewith. Procon has no adequate remedy in law for significant relief from its damages.

No amount of money paid in the future, based upon the totality of the facts, will compensate Procon for all losses that it shall suffer if the relief sought herein is not granted forthwith.

Affiant, in behalf of Procon, attempted to negotiate in good faith with Wukasch regarding his action, but Affiant did not agree to surrender to the unlawful fraud, extortion and coercion perpetrated by said party upon Procon."

Based upon the preponderance of the evidence, this Court finds that such allegations by the Plaintiff are clearly proven and undisputed. All conditions precedent for the requested action by this Court have been met. Unlawful acts were threatened, attempted and committed by the Defendant, Wukasch, and will continue unless restrained by this Court. See Section 31.01, Section 31.03, Section 32.32, Section 28.01, Section 28.03 and Section 15.01 of the Texas Penal Code. These portions of said Code encompass the coercive fraudulent extortionate and malicious acts attempted and committed by the Defendant, which have caused, and, if not restrained will continue to cause irreparable losses to Procon. Clearly, local public officers would be unable to meaningfully protect Procon from the damages suffered and threatened, under the aforesaid facts. The picketing chosen by Defendant, Wukasch, to publicize his grievance against Procon constituted coercion, as well as the other unlawful practices above referenced. 29 U.S.Code 104(e). This Court is empowered to enjoin the unlawful acts of the Defendant, since under the preponderance of the evidence, said acts constituted crimes against the property rights and interests of Procon under the law, i. e., violence *or fraud.* (Emphasis Added). *Wilson & Co. v. Birl, et al.* ; 105 F.2d 948 (C.A. 3rd Circuit, 1939).

"Peaceful picketing is an exercise of the right of free speech .... This is nothing more or less than a method of persuasion. But when picketing ceases to be used for the purpose of persuasion—*just the minute it steps over the line from persuasion to coercion*—it loses the protection of the constitutional guarantee of free speech, and a person or persons injured by its acts may apply to a court of equity for relief. The facts in this case convince us that the picketing complained of did not constitute an exercise of free speech as contemplated by our founding fathers. Neither was it a means of communicating the facts of a labor dispute as interpreted by the United States Supreme Court .... The purpose of the picketing was to force the employer [to do certain things] under the threat that, should he refuse to do so, his plant would be closed .... This was coercion. Appellant was forced to close his plant. This resulted in irreparable loss to him; and his employees were thrown out of employment. He had no adequate remedy at law." (Emphasis Added). *H. F. Swenson v. Seattle Central Labor Council,* 27 Wash.2d 193, 177 P.2d 873; 170 A.L.R. 1082 (1947) citing *Carpenters and Joiners Union of America v. Ritter's Cafe,* 315 U.S. 722, 62 S.Ct. 807, 808, 86 L.Ed. 1143. *Swenson* is analytically comparable to the suit at bar, and the Defendant, Wukasch, is not beyond the reach of this Court's jurisdiction, in equity. His coercive, fraudulent and unlawful conduct does not constitute or relate to a valid or viable labor dispute of any sort under the public policy of the United States. *Connelly Garment Co. v. International Ladies Garment Worker's Union* (3 Judge District Court, Mo.) 21 F.Supp. 807, vacated on other grounds 304 U.S. 243, 58 S.Ct. 875, 82 L.Ed. 1316. See also in this regard *Converse et al. v. Highway Construction Co. of Ohio, Inc.,* 107 F.2d 127 (6th Circuit, 1939) wherein the Court said "A labor dispute, as used in the Norris-LaGuardia Act, comprehends 'disputes growing out of labor relations and implies the existence of relation of employer and employee'. *United Electric Coal Companies v. Rice,* 7 Cir. 1935, 80 F.2d 1. In the case at bar there was *no real controversy* between the [employer] and its employees concerning terms or conditions of employment or concerning the association or representation of person in negotiating, fixing, maintaining, changing or seeking to arrange terms or conditions of employment. *Stripped of excuses, appellants were by in-*

terference and coercion *attempting to compel the* [employer] *to become a member of a contractors' association in Cuyahoga County, Ohio, the primary purpose of which was* [an unlawful purpose]. *Wages and working conditions were incidental. The refusal of the* [employer] *to accede to the unauthorized and unwarranted demands of appellants can be in no sense termed a labor dispute* as defined in section 13(c) of the Norris-LaGuardia Act. *Application of that Act to the case at bar would be a distortion of its purpose not intended by Congress. Scavenger Service Corporation v. Courtney*; 7 Cir. 1936, 85 F.2d 825." (Emphasis Added).

Plaintiff Procon, made every reasonable effort to settle the dispute with the Defendant, but the settlement was rejected.

If the Defendant is not enjoined, the Plaintiff Procon will suffer losses of approximately $20,000.00 per work day and crucial time on the subject construction project will be irretrievably lost. Such damages to Plaintiff are irreparable.

Should this Court deny relief to Plaintiff Procon, great damages will be inflicted upon that party. By granting this injunction, Defendant Wukasch, is only enjoined from continuing to commit such criminal acts which are extremely damaging to Plaintiff's property rights, and said Defendant shall suffer no legally cognizable injury whatever by reason of this injunction.

Plaintiff Procon has no adequate remedy at law, for the reasons stated herein. This order does not relate to the Defendant's preserved rights of communication insofar as other sites are concerned, and relates only to the focal points of said party's unlawful actions connected to the clear facts of the case.

Accordingly, it is ORDERED, that Defendant, Steven Ray Wukasch, his agents, proxies, attorneys, representatives, and all of those other persons in active concert or participation with said Defendant, is permanently enjoined from:

1. Going into or within *any* distance of the Procon jobsite, Gate 39, Gulf Oil Refinery, Port Arthur, Texas, on State Highway 87, (Procon Project W–3671), the former place of Wukasch's employment, while displaying or holding any picket sign, placard, bull-horn, megaphone, designation or other instrumentality of communication, under such circumstances as would cause, or, in reasonable probability cause, the duly assigned workers on, or coming to, said jobsite to fail to report for work and work thereon, or cross or pass by the person of said Steven Ray Wukasch, into said jobsite to work thereon.

2. Doing any act of any nature calculated in reasonable probability to cause, or, in fact causing, the duly assigned workers at the Procon jobsite, Gate 39, Gulf Oil Refinery, Port Arthur, Texas, on State Highway 87 (said construction project being Procon Project W–3671), the former place of Wukasch's employment, to refrain from reporting for duties and labor at the assigned time and place, and from actually performing said duties and labor at said site.

Pursuant to Rule 52, F.R.C.P., this Memorandum of Decision encompasses and states this Court's Findings of Fact and Conclusions of Law. The Findings of Fact and Conclusions of Law set forth herein are somewhat melded by the nature of the case in issue. To the extent that the foregoing Findings of Fact constitute Conclusions of Law, they are also adopted as Conclusions of Law. To the extent that the foregoing Conclusions of Law constitute Findings of Fact, they are also adopted as Findings of Fact. Said findings are the basis for this Permanent Injunction, which constitutes the Final Judgment in this case.

Costs are adjudged against the parties incurring same.

The Clerk of Court shall issue notice hereof by certified copy according to law.