Anthony GIORDANO, Plaintiff,

v.

**AMITY REGIONAL HIGH SCHOOL DISTRICT #5, by David J. Chase, Chairman, Amity Regional Board of Education, by David J. Chase, Chairman, Town of Bethany, by Gordon V. Carrington, First Selectman, and Town of Woodbridge, by Theodore R. Clark, First Selectman, Defendants.**

Civ. No. 13490.

United States District Court,
D. Connecticut.

May 13, 1970.

John R. Gorman, Orange, Conn., for plaintiff.

Bruce Lewellyn and Michael J. Dorney, of Tyler, Cooper, Grant, Bowerman & Keefe, New Haven, Conn., for defendants Amity Regional High School District #5 and Amity Regional Board of Education.

Gerald P. Dwyer, of Gormley & Gormley, New Haven, Conn., for defendant Town of Bethany.

William J. Cousins, of Cousins & McGoldrick, New Haven, Conn., for defendant Town of Woodbridge.

TIMBERS, Chief Judge.

QUESTIONS PRESENTED

In this action brought by a taxpayer and voter of the Town of Orange, Connecticut, seeking declaratory and injunctive relief with respect to the establishment and operation of the Amity Regional Board of Education pursuant to Conn. P.A. 698 (1969), amending Conn. Gen.Stat. § 10–39, et seq., plaintiff's essential claim is that, by reason of the disproportionately larger population of the Town of Orange than of the Towns of Bethany and Woodbridge combined, the equal representation of the three towns on the Amity Regional Board of Education so debases the voting rights of plaintiff and other voters of Orange in the choice of members of the Board as to result in an invidious discrimination against plaintiff and others similarly situated who thereby are denied the equal protection of the laws.

Defendants Amity Regional High School District #5 and the Amity Regional Board of Education ("Amity defendants") have moved, pursuant to Rule 12(b)(1) and 12(b)(6), Fed.R.Civ.P., to dismiss the complaint for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted; or, in the alternative, to convene a three-judge district court to hear and determine the action pursuant to 28 U.S.C. §§ 2281 and 2284 (1964).

For the reasons stated below and particularly in view of the decision of the United States Supreme Court in Hadley v. Junior College District of Metropolitan Kansas City, Missouri, 397 U.S. 50 (1970), the Court denies the motion to dismiss the complaint and grants the motion to convene a three-judge district court.

### PRIOR AND RELATED PROCEEDINGS

In view of the elapse of almost five months between the hearing on the instant motions and the granting of the motion to convene a three-judge district court, a brief summary of proceedings is in order.

The action was commenced October 30, 1969 with the filing of the complaint seeking a permanent injunction and a declaratory judgment; plaintiff did not request that a three-judge district court be convened.

Defendants Town of Bethany and Town of Woodbridge filed answers to the complaint on November 18, 1969 and November 30, 1969, respectively.

The Amity defendants brought on for hearing on December 15, 1969 their motions to dismiss the complaint or to convene a three-judge district court. Plaintiff opposed both motions. Comprehensive briefs were filed. Counsel were fully heard. Decision was reserved.

While these motions were pending sub judice, plaintiff filed a motion for sum-mary judgment without supporting affidavits, depositions, answers to interrogatories, admissions or any other documentary support. The Amity defendants, treating plaintiff's motion as one for judgment on the pleadings, Rule 12(c), Fed.R.Civ.P., opposed it on the ground the pleadings had not been closed; and moved for a stay of proceedings thereon pending decision on the motions argued on December 15, 1969. At a brief hearing on March 16, 1970, counsel for plaintiff and counsel for the Amity defendants agreed that plaintiff's motion for summary judgment and the Amity defendants' motion for a stay should be held in abeyance pending decision on the earlier motions.

In the meanwhile, on February 25, 1970, the Supreme Court decided Hadley v. Junior College District of Metropolitan Kansas City, Missouri, supra. Reversing the Missouri Supreme Court, 432 S.W.2d 328 (Mo.Sup.Ct.1968), the Supreme Court held that the one man, one vote principle applied to the election of the trustees of a consolidated junior college district comprised of several component districts. 397 U.S. at 56. In view of the close analogy between the Hadley case and the instant case,[1] it has been necessary for the Court to reexamine the issues raised by the Amity defendants' motions of December 15, 1969—not only as to subject matter jurisdiction and the sufficiency of the complaint in stating a claim upon which relief can be granted, but, of perhaps greater difficulty, upon the issue of the existence of a substantial constitutional question whether "this is a case where the state statute that is challenged applies generally to all . . . school boards of the type described", Sailors v. Board of Education, 387 U.S. 105, 107 (1967), and whether the statute is being administered by defendants who, though not state officers, are "functioning pursuant to a statewide policy and performing a state function" rather than "per-

---

1. The Supreme Court's decision in Hadley is what triggered plaintiff's motion for summary judgment herein, referred to above.

forming matters of purely local concern", Moody v. Flowers, 387 U.S. 97, 102 (1967).

## JURISDICTION

While the jurisdictional basis of plaintiff's claims are not articulated as precisely as they might be, the Court believes that a fair reading of the complaint shows that the jurisdiction of this Court over the subject matter and the parties is invoked pursuant to 42 U.S.C. §§ 1983 and 1988 (1964) and 28 U.S.C. § 1343 (3) and (4) (1964). See Butterworth v. Dempsey, 229 F.Supp. 754, 758 (D.Conn. 1964), aff'd sub nom. Pinney v. Butterworth, 378 U.S. 564 (1964).

Since the action draws into question the constitutionality of a state statute and seeks injunctive relief with respect thereto (discussed more fully below), a special statutory district court of three judges to hear and determine the action is being convened pursuant to 28 U.S.C. §§ 2281 and 2284 (1964).

## FACTS [2]

Plaintiff is a Connecticut citizen and a resident, taxpayer and voter of the Town of Orange, suing for himself and other Orange taxpayers and voters similarly situated.

Defendants are the Amity Regional High School District #5 and the Amity Regional Board of Education, each sued through David J. Chase in his official capacity as chairman of the respective boards; and the Town of Bethany and the Town of Woodbridge, sued through Gordon V. Carrington and Theodore R. Clark in their official capacities as first selectmen of the respective towns.

In 1953 the Towns of Orange, Bethany and Woodbridge, in separate town meetings, voted to establish a regional senior and junior high school system known as the Amity Regional High School District #5 (Amity District), pursuant to Conn.Gen.Stat. § 10–39, et seq., (later amended, Conn.P.A. 698 (1969)).[3]

The Amity Regional Board of Education (Amity Board) was formed pursuant to the procedures set forth in Conn. Gen.Stat. § 10–46, as amended, Conn. P.A. 698, § 8(a) (1969). This statute provides that a regional board of education shall consist of no more than nine and no less than five members; that the total number of members of a regional board and the representation of each town shall be determined by a majority vote of a joint meeting of the boards of education of the towns comprising the district; that at such joint meeting each such board shall have one vote; and that each town shall have at least one representative on the regional board.

Orange, Bethany and Woodbridge are each equally represented by their members on the Amity Board which has a total of nine members. Board members are elected by the electors in their respective towns.

The complaint alleges that; although only one-third of the members of the Amity Board represent Orange, that town has a larger population and a greater number of electors than Bethany and Woodbridge combined. Specifically, the complaint alleges that Orange has a population slightly in excess of 14,700 and has 7,172 electors; that Bethany has a population slightly in excess of 3,300 and has approximately 1,550 electors; and that Woodbridge has a population slightly in excess of 8,000 and has 3,773 electors.

Plaintiff's primary claim is that the Amity Board as presently constituted, and Conn.P.A. 698 (1969), amending Conn.Gen.Stat. § 10–39, et seq., governing the establishment and operation of the

2. For purposes of the instant motions, the facts alleged in the complaint are taken as true. Before the record may be considered ripe for a ruling by the three-judge court which is being convened, however, the record must be amplified substantially—by discovery or otherwise.

3. Among the record facts which must be established with far greater precision than now appear in the complaint are the relevant provisions of the Connecticut statutes—including those pursuant to which the Amity District and Amity Board were established, as well as those currently in effect.

regional board, deny him, as a voter of the Town of Orange, the equal protection of the laws in violation of the Fourteenth Amendment of the Constitution of the United States.[4] He asserts that the equal representation of the towns comprising the Amity District on the Amity Board, rather than their representation in accordance with their respective populations and numbers of electors, renders his vote, as an elector of Orange, of less effect and weight in the election of Amity Board members than the votes of Bethany and Woodbridge electors. This follows, plaintiff alleges, from the fact that Orange is represented by only one-third of the members of the Board, although the population and number of electors in Orange is greater than that of Bethany and Woodbridge combined.

Plaintiff seeks a declaratory judgment that the method of election and composition of the Amity Board and the Connecticut statutes which govern its establishment and operation impair his constitutional rights. He also seeks a mandatory injunction requiring defendants to formulate a plan under which each town in the Amity District would be represented on the Amity Board in proportion to its population or upon any other basis which would not impair his constitutional rights.

The Amity defendants in their arguments and briefs (and the other defendants in their answers) deny that the Amity Board as presently constituted and the Connecticut statutes which govern its establishment and operation impair plaintiff's constitutional rights.

## MOTION TO DISMISS

In view of this Court's decision to grant the motion by the Amity defendants to convene a three-judge district court to hear and determine this action, pp. 407–409, *infra,* the only aspect of the motion to dismiss which I consider necessary and appropriate to rule upon—preliminarily as a single judge—is defendants' claim that the complaint does not present a substantial federal constitutional question. All other claims raised by defendants' motion to dismiss are reserved for the full three-judge court. 28 U.S.C. § 2284(5) (1964).

■ As to whether a substantial federal constitutional question is presented by the complaint, the recent decision by the Supreme Court [5] in Hadley v. Junior College District of Metropolitan Kansas City, Missouri, 397 U.S. 50 (1970), would appear to require an affirmative answer. There the Court held that a plan, pursuant to which the qualified voters of one of several component districts with approximately 60% of the total school population elected only 50% of the trustees of the consolidated junior college district, diluted the vote of the electors of that one district in violation of the equal protection clause. The Court stated:

"We therefore hold today that as a general rule, whenever a state or local government decides to select persons by popular election to perform governmental functions, the Equal Protection Clause of the Fourteenth Amendment requires that each qualified voter must be given an equal opportunity to participate in that election, and when members of an elected body are chosen

---

4. Plaintiff also claims that, as a taxpayer of Orange, his payment of taxes for the support of the Amity District violates the Fifth Amendment on the ground that such payment constitutes taxation without adequate and fair representation or just compensation. The complaint alleges that Orange taxpayers pay a greater proportion of the total taxes levied for the support of the Amity District than the taxpayers of Bethany and Woodbridge; specifically, that Orange ac-

counts for more than 53% of the funds provided for the Amity District. Plaintiff, in his memorandum submitted in opposition to the instant motions, concedes that his Fourteenth Amendment claim, rather than his Fifth Amendment claim, is his primary one.

5. The Supreme Court's decision in *Hadley* was announced subsequent to the filing and argument of the Amity defendants' motion to dismiss in the instant case.

from separate districts, each district must be established on a basis which will insure, as far as is practicable, that equal numbers of voters can vote for proportionally equal numbers of officials." 397 U.S. at 56.

See also Kramer v. Union Free School District No. 15, 379 F.2d 491 (2 Cir. 1967), judgment of three-judge district court upon remand, 282 F.Supp. 70 (E.D. N.Y.1968), rev'd, 395 U.S. 621 (1969); Avery v. Midland, 390 U.S. 474, 478–80 (1968); Oliver v. Board of Education, 306 F.Supp. 1286 (S.D.N.Y.1969); Strickland v. Burns, 256 F.Supp. 824 (M. D.Tenn.1966); Delozier v. Tyrone Area School Board, 247 F.Supp. 30 (W.D.Pa. 1965).

Since the complaint does appear to present a substantial federal constitutional question, defendants' motion to dismiss must be denied on the present state of the record and to the extent that it asserts a claim of insubstantiality.

## MOTION TO CONVENE THREE-JUDGE DISTRICT COURT

The Amity defendants' alternative motion to convene a three-judge district court, which is opposed by plaintiff, presents a more difficult question, the answer to which, I am frank to say, is by no means free of doubt.[6]

It is at least clear what determinations must be made by the single judge to whom a three-judge court application is presented:

"When an application for a statutory three-judge court is addressed to a district court, the court's inquiry is appropriately limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute." Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715 (1962).

In the instant case, the Court has determined that a substantial constitutional question is raised, pp. 406–407, *supra*. And the complaint at least formally alleges a basis for equitable relief, albeit a mandatory injunction is demanded rather than an injunction restraining the enforcement of a state statute. 28 U.S.C. § 2281 (1964). But the tough question here is "whether the case presented otherwise comes within the requirements of the three-judge statute." 370 U.S. at 715. More specifically, there is a close question whether plaintiff's grievance draws into question a state statute, not only of statewide application, but one that is being administered by defendants who, though not state officials, are "functioning pursuant to a statewide policy and performing a state function." Moody v. Flowers, 387 U.S. 97, 102 (1967). I am satisfied—as a preliminary single judge determination—that this requirement has been met.

The *Moody—Sailors—Dusch* trilogy [7] furnishes the controlling guidelines for determining when a three-judge court should, and should not, be convened to rule upon challenges attacking the apportionment of official bodies within a state, including school boards.

In *Moody*, the Court, on direct appeal pursuant to 28 U.S.C. § 1253 (1964), vacated the judgments of two three-judge

---

6. In his memorandum of March 13, 1970 in support of his motion for summary judgment, plaintiff states: "The convening of a three judge district court is not only moot, but would be an unnecessary act. In view of the fact that there is no factual question to be resolved and that the statutes and Supreme Court rulings are unequivocal, a single judge

can and should reiterate the 'law of the land'."

Would that it were that simple!

7. Referring to the three decisions of the Supreme Court of May 22, 1967: Moody v. Flowers, 387 U.S. 97 (1967); Sailors v. Board of Education, 387 U.S. 105 (1967); Dusch v. Davis, 387 U.S. 112 (1967).

courts for lack of jurisdiction.[8] In each case a three-judge court had been convened to hear and determine actions brought to enjoin the operation of a state statute on the ground that malapportionment existed in the establishment of local units governed by elected bodies. In one case the state statute which was challenged prescribed the apportionment of the governing board of a single county. In the other case, the challenge was directed at a county charter provision which had been enacted into state law for the apportionment of a county board of supervisors. The Court held that the three-judge courts had been improperly convened in both cases, since the "statute" in each instance was one of limited application involving only a particular county and the action was brought to enjoin the conduct of state officers acting solely with reference to local matters. 387 U.S. at 102–04.

The Court in *Moody* did not have before it the propriety of convening a three-judge court to hear and determine an action challenging a statute of statewide application to a number of similar localities and where the conduct sought to be enjoined was that of officials whose responsibilities were limited to one such locality. That was the situation, however, in *Sailors* where the Court held that a three-judge court had been properly convened:

> "We conclude that a three-judge court was properly convened, for unlike the situation in Moody v. Flowers . . .., this is a case where the state statute that is challenged applies generally to

all Michigan county school boards of the type described." 387 U.S. at 107.

In *Dusch*, as in *Moody*, the Court held that the case was not one for a three-judge court, the charter under question being local and not of statewide application. 387 U.S. at 114.

In this Circuit the controlling authority with respect to the propriety of convening a three-judge court in the instant case would appear to be the decision in Kramer v. Union Free School District No. 15, supra, where, in reversing the district court's denial of a motion to convene a three-judge court and relying on the language quoted above from *Sailors*, the Court of Appeals held:

> "The fact that defendants are a local school board and its members rather than state officials does not furnish a basis for the denial of the application to convene a three-judge court . . . ." 379 F.2d at 493.

See Astro Cinema Corp. v. Mackell, 422 F.2d 293, 297–298 (2 Cir. 1970); Heaney v. Allen, 425 F.2d 869, 871–872 (2 Cir. 1970); Miller v. New York Stock Exchange, 425 F.2d 1074, 1075 (2 Cir. 1970), cert. denied, 398 U.S. 905 (1970); American Commuters Association v. Levitt, 405 F.2d 1148, 1150 (2 Cir. 1969); Fitzgerald v. Catherwood, 388 F.2d 400, 407–08 (2 Cir. 1968); Green v. Board of Elections, 380 F.2d 445, 448–49 (2 Cir. 1967), cert. denied, 389 U.S. 1048 (1968).

■ Accordingly, despite some reservations in my own mind,[9] I believe that the weight of authority supports the Amity defendants' motion to convene a

---

8. Together with *Moody*, the Court decided Board of Supervisors of Suffolk County v. Bianchi, an appeal from a judgment of a three-judge court in the Eastern District of New York, 256 F.Supp. 617.

9. A persuasive argument—not advanced by counsel herein—against the propriety of convening a three judge court in the instant case might run along these lines:

> A three-judge court is not required where plaintiff does not attack the constitutionality of a state statute but seeks injunctive relief on the ground of the unconstitutionality of the result obtained by the use of the statute. Ex

parte Bransford, 310 U.S. 354, 361 (1940); Benoit v. Gardner, 351 F.2d 846, 848 (1 Cir. 1965); Griffin v. Board of Supervisors, 339 F.2d 486, 493–94 (4 Cir. 1964) (en banc); Maguire v. Sadler, 337 F.2d 902, 906 (5 Cir. 1964). As the Supreme Court stated in Ex parte Bransford, *supra*, at 361:

> "It is necessary to distinguish between a petition for injunction on the ground of the unconstitutionality of a statute as applied, which requires a three-judge court, and a petition which seeks an injunction on the

three-judge court. The motion is granted.

---

To facilitate an orderly development as expeditiously as possible of a record which will be ripe for adjudication by the three-judge court to be convened herein, the Court is providing in the order which follows a time-table for further proceedings by all parties, including such officials and agencies of the State of Connecticut who are interested, so the Court is informed, in appearing herein pursuant to the notice required to be given to the Governor and the Attorney General of Connecticut under 28 U.S.C. § 2284(2) (1964).

---

## ORDER

ORDERED as follows:

(1) That the Amity defendants' motion to dismiss the complaint, to the extent said motion is grounded upon the alleged insubstantiality of the federal question presented, is denied.

(2) That the Amity defendants' motion to convene a three-judge district court is granted.

(3) That all parties and their counsel shall proceed in accordance with the following time-table:

(a) Within ten (10) days after the Clerk of this Court mails to the Governor and the Attorney General a notice that a three-judge court has been convened by the Chief Judge of this Circuit, the the Attorney General shall serve and file his appearance on behalf of such State officials and agencies who desire to intervene herein, together with an appropriate motion to intervene.

(b) Not later than June 1, 1970, the pleadings shall be closed, including answers to be served and filed by all parties, including any intervenors.

(c) Not later than July 1, 1970, all discovery proceedings shall be completed by all parties, including the transcription and filing of any depositions.

(d) Not later than July 15, 1970, pre-hearing briefs shall be served and filed by all parties setting forth their respective claims of law and fact, together with a statement by each party as to whether evidence will be offered at the hearing on the merits and, if so, a specification thereof.

(e) Not later than July 15, 1970, all motions to be heard at or before the hearing on the merits shall be served and filed.

---

ground of the unconstitutionality of the result obtained by the use of a statute which is not attacked as unconstitutional. The latter petition does not require a three-judge court. In such a case the attack is aimed at an allegedly erroneous administrative action. Until the complainant in the district court attacks the constitutionality of the statute, the case does not require the convening of a three-judge court . . . . Even where the statute is attacked as unconstitutional, § 266 [of the Judicial Code of 1911] is inapplicable unless the action complained of is directly attributable to the statute."

In the instant case the alleged defect in the method of election and composition of the Amity Board cannot be directly attributable to Conn.Gen. Stat. § 10–46, as amended, Conn.P.A. 698, § 8(a) (1969), pursuant to which the Board was established. The complaint does not allege that such a defect is present in all regional school boards formed pursuant to the statute. The challenged statute simply provides that the number of members of a regional board of education and the number from each town shall be determined by a majority vote of a joint meeting of the boards of education of the towns comprising the regional district, with each board having one vote. The statute does not provide that each town must be equally represented on the regional board, as with the Amity Board; and it contains no provision which prevents each town from being represented on the regional board in accordance with its relative population.

Plaintiff in effect is attacking the constitutionality of the result obtained by the use of the statute rather than the constitutionality of the statute itself.

(f) As soon after July 15, 1970 as is feasible, the three-judge court will assign the case for hearing on the merits, at which time any motions filed as herein provided will be considered.