The **BAY GUARDIAN COMPANY**, a corporation, and **Bruce B. Brugmann** and **Jean Dibble Brugmann**, Plaintiffs,

v.

The **CHRONICAL PUBLISHING COMPANY**, the Hearst Corporation, and San Francisco Newspaper Printing Company, Inc., corporations, and Charles Thieriot and Randolph A. Hearst, Defendants.

**No. C-70 1613.**

United States District Court,
N. D. California.
Sept. 30, 1970.

**228**

Stephen R. Barnett, Berkeley, Cal., Haizlip, Ring, O'Donnell & Moore, San Francisco, Cal., for plaintiffs.

Cooper, White & Cooper, San Francisco, Cal., for Chronicle.

Garret McEnerney, San Francisco, Cal., for Hearst Corp.

GERALD S. LEVIN, District Judge.

*Order Denying Motion to Convene 3-Judge Court*

█ The thrust of this case is a two-pronged attack by which plaintiffs allege certain antitrust violations stemming from a joint operating agreement between the San Francisco *Chronicle* and the San Francisco *Examiner* and by which plaintiffs seek to have the recently enacted "Newspaper Preservation Act" declared unconstitutional insofar as it insulates from antitrust consequences said joint operating agreement. Pursuant to the filing of their Complaint, plaintiffs have moved for the convening of a statutory 3-Judge Court under 28 U.S.C. §§ 2282 and 2284. Defendants oppose this motion and, for the reasons expressed hereafter, we regard Defendants' position as correct.

28 U.S.C. § 2282 reads:

> An interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution of the United States shall not be granted by any district court or judge thereof unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title.

When an application for a 3-Judge Court is made, the inquiry of the convening court is limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented "otherwise comes within the requirements of the three-judge statute." Idlewild Bon-Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794 (1962).

█ In the instant case, recent Supreme Court opinions make it clear that the constitutional question presented is substantial (see Citizen Publishing Co. v. United States, 394 U.S. 131, 135–136, 89 S.Ct. 927, 929, 22 L.Ed.2d 148 (1969) ), and the Complaint here does allege, at least formally, a basis for equitable relief. The problem here is whether the case "otherwise comes within the requirements of the three-judge statute."

█ The first major obstacle to convening a 3-Judge Court in the present context is that the real object of plaintiffs' Complaint is the allegedly illegal conduct of the newspapers, not the "Newspaper Preservation Act". As one court has put it, "To come under Section 2282, the Act of Congress or operations under it must be the direct object of the injunction sought. Flemming v. Nestor, *supra*, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435." Krebs v. Ashbrook, 275 F.Supp. 111, 118 (D.D.C. 1967), aff'd., 132 U.S.App.D.C. 176, 407 F.2d 306 (1968), cert. den., 393 U.S.

1026, 89 S.Ct. 619, 21 L.Ed.2d 560 (1969).

Here, the Congressional enactment comes in only by way of an anticipated defense and a constitutional attack thereon. It is a well-settled if sometimes criticized [1] rule of the "well-pleaded complaint" that a case will not be considered to "arise under" an act of Congress if it comes into the picture only as the anticipation of a defense—even if that defense is certain and complete. See Gully v. First Nat. Bank, 299 U.S. 109, 116, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Thus it is that a 3-Judge Court need not be convened where the constitutionality of a congressional statute is merely drawn in question and not directly attacked. See Petersen v. Clark, 285 F.Supp. 698, 699, 700 n. 7 (N.D.Cal. 1968), rev'd. on other grounds, 411 F.2d 1217 (9th Cir. 1969).

We think that the above conclusion is further supported by two cases relied on by defendants, United States v. First City Nat. Bank, 386 U.S. 361, 363–364, 87 S.Ct. 1088, 18 L.Ed.2d 151 (1967) and International Ladies' Garment Workers' Union v. Donnelly Garment Co., 304 U.S. 243, 250–251, 58 S.Ct. 875, 82 L.Ed. 1316 (1938). In the *First City Nat. Bank* case, for example, the United States had filed suit to prevent two bank mergers. The Supreme Court there rejected the suggestion that the complaint was defective for failing to state that the actions were brought under the Bank Merger Act of 1966. The Bank Merger Act provided for antitrust immunity by merging banks under certain conditions and thus provided the

banks in suit with a new defense or justification. The Court concluded that the actions challenging the mergers because of alleged anti-competitive effects were bottomed on the antitrust laws, not the Bank Merger Act, an analysis which readily lends itself to the situation here.

■ The second major obstacle here is, as plaintiffs candidly concede, the question of whether the action is one restraining "the enforcement, operation or execution" of any act of Congress within the meaning of 28 U.S.C. § 2282. Enjoining the actions of the defendants is not the same as enjoining the Act in question, and a 3-Judge Court need not be convened where the result of a [state] statute rather than the statute itself is being attacked as unconstitutional. Giordano v. Amity Regional High School District #5, 313 F.Supp. 403, 408 n. 9 (D.Conn.1970) (dictum).

Were the object of 28 U.S.C. § 2282 to effect a broad social policy through liberal application, the plaintiffs would indeed come within its ambit. However, as the Supreme Court said in Phillips v. United States, 312 U.S. 246, 251, 61 S.Ct. 480, 483, 85 L.Ed. 800 (1941) and reaffirmed in three cases decided this past term,[2] the 3–Judge Court statute is not "a measure of broad social policy to be construed with great liberality, but as an enactment technical in the strict sense of the term and to be applied as such."

Moreover, the Supreme Court has declared that the purpose of 28 U.S.C. § 2282 was to prevent a single district judge "from being able to paralyze total-

---

1. See, e. g., C. Wright, Law of Federal Courts 48–55 (1963); D. Currie, "The Federal Courts and the American Law Institute, 36 U.Chi.L.Rev. 268, 269 (1969); W. Cohen, "The Broken Compass: The Requirement That a Case Arise 'Directly' under Federal Law," 115 U.Pa.L.Rev. 890 (1967); G. Fraser, Jr., "Some Problems in Federal Question Jurisdiction," 49 Mich.L.Rev. 73, 79–81 (1950); J. Chadbourn and A. Levin, "Original Jurisdiction of Federal Questions," 90 U.Pa.L.Rev. 639, 663, 674

(1942); R. Forrester, "The Nature of a 'Federal Question,'" 16 Tulane L.Rev. 362, 367, 374, 385 (1942).

2. Gunn v. University Committee to End War in Viet Nam, 399 U.S. 383, 90 S.Ct. 2013, 2016, 26 L.Ed.2d 684 (1970); Mitchell v. Donovan, 398 U.S. 427, 431, 90 S.Ct. 1763, 26 L.Ed.2d 378 (1970); Goldstein v. Cox, 396 U.S. 471, 478, 90 S.Ct. 671, 24 L.Ed.2d 663 (1970). See also Sellers v. Regents of the University of California, 432 F.2d 481 (9th Cir. Sept. 17, 1970).

ly the operation of an entire regulatory scheme * * *." Kennedy v. Mendoza-Martinez, 372 U.S. 144, 154, 83 S. Ct. 554, 560, 9 L.Ed.2d 644 (1963). It is patent that such would not be the case here, *even if a single judge decided the matter favorably to the contentions of plaintiffs*. The Government, not being a party to this proceeding, would not be bound by a judgment rendered herein, and the only effect thereof would be on the parties to this suit and on the court involved. Since it is also probable that defendants would appeal were they to lose at the district court level, it is likely that a stay of judgment would issue in their favor, and again the regulatory scheme under attack here would not be "totally paralyzed."

We have carefully considered all the authorities and arguments advanced by plaintiffs, including especially the cases of Coffman v. Breeze Corporations, 323 U.S. 316, 65 S.Ct. 298, 89 L.Ed. 264 (1945); Wicks v. Southern Pacific Co., 231 F.2d 130 (9th Cir. 1956), cert. den., Wicks v. Brotherhood of Maintenance of Way Emp. Southern Pac. Co., 351 U.S. 946, 76 S.Ct. 845, 100 L.Ed. 1471 (1956), and Otten v. Baltimore & O. R. Co., 205 F.2d 58 (2d Cir. 1953), and find none of them contrary to the conclusion we reach here.

Because there has been some confusion as to whether the motion for the convening of a 3-Judge Court should have been addressed to Judge Levin (to whom the instant case was first assigned) or to Judge Carter (to whom the instant case was reassigned as being a related case within the meaning of the Local Rules of this court), both judges have considered the motion for the convening of the 3-Judge Court and both are in agreement with the conclusion here reached.

The motion of plaintiffs for the convening of a statutory 3-Judge Court is hereby denied, and henceforth the undersigned Judge Carter will hear this matter sitting as a single judge.

OLIVER J. CARTER, C. J., concurs.